BREAUX, J.
The assistant district attorney for the parish of Orleans presented an information to the criminal district court, in which he charged the defendant with having “unlawfully, willfully, and without just cause deserted, and neglected to provide for the support of, his wife,” who it is averred in the information “was and is now in destitute and necessitous circumstances.”
The minutes of the district court set forth: “The case was then submitted without argument. After hearing the evidence, the court found the accused guilty. The court ordered the judgment recorded and accused discharged on his bond to appear in court February 5, 1904.”
After, at a subsequent date, the following entry appears: “Thereupon counsel for defendant presented to the court a motion in arrest of judgment, which was overruled. Bill of exceptions presented by counsel for defendant were signed by the court. Thereupon [the minutes show], in consideration of *181 the judgment in this case herein recorded February 2, 1904, the court ordered the defendant herein, Eugene J. Mioton, to contribute and pay to bis wife, Mrs. Eugene .T. Mioton, the sum of twelve dollars per week for one year, commencing Saturday, February 13, 1904, and that said Eugene J. Mioton, defendant herein, give a good and solvent bond in the sum of six hundred dollars, conditioned as the law directs, to secure the payment of said alimony to the said Mrs. Eugene J. Mioton.”
The defendant appeals.
In this court, the state, through the attorney general and the district attorney, move to dismiss the appeal on the ground that this -court is without appellate jurisdiction of the ■cause, accused having been sentenced neither to the payment of a fine nor to any term of imprisonment, nor charged with nor convicted of any crime punishable with death ■or imprisonment at hard labor.
We will say with regard to the law that we are called upon to examine and interpret to the extent needful to determine whether ■or not this court has jurisdiction, that it is unique. It embodies a purpose new in ■our legislation, and gives rise to questions not heretofore directly passed upon.
The offense denounced by the statute is classed as a misdemeanor. The punishment for its violation is a fine not exceeding $100, ■or imprisonment in the parish prison of one year or less, or both, at the discretion of the court. Should a fine be imposed, it may be directed by the court to be paid in whole ■or in part to the wife, or to the tutor or custodian of the minor.
The court may, after conviction, instead ■of imposing the fine before mentioned, issue ■an order which may he changed at the ■court’s discretion, directing the defendant to pay a certain sum weekly to his wife for •one year, and release the defendant on bond in such sum as the court may determine, on condition stated in the statute.
The last paragraph of the statute shows that the cause may remain in abeyance during the term of one year, but if, during the year, the court becomes satisfied that the defendant has violated the order before mentioned, it may try the defendant under the original indictment, or, if he has been tried, and the proceedings were stayed, as before mentioned, then it may sentence him under the original conviction. Act No. 34, p. 42, of 1902.
It is manifest from the foregoing that the defendant has not been sentenced. In consequence an appeal does not lie. It is only in event of the violation of the order of the court as before referred to that sentence is to be imposed. No fine exceeding “three hundred dollars” has been actually imposed (article 85, Const. 1898) by a sentence of the court. Before a fine has been imposed the condition which secures the right of appeal to this court does not arise. Whatever right the defendant may have is not before us on appeal. It falls within the terms of other remedies provided. Under the plain letter of the law defendant cannot sustain an appeal prior to sentence.
The right of appeal arises only after sentence and final judgment. Knobloch, pp. 16, 17.
For reasons assigned, the appeal is dismissed.