(36 South. 703.)

No. 15,207.

STATE ex rel. MIOTON v. BAKER, Judge.

(May 9, 1904.)

HUSBAND AND WIFE — FAILURE TO SUPPORT WIFE AND CHILDREN—STATUTE —CONSTITUTIONALITY—TITLE OF ACT.

1. Act No. 34, p. 42, of 1902, entitled "An act making it a misdemeanor to desert or willfully neglect to provide for the support and maintenance by any person of his wife or minor children in destitute or necessitous circumstances and to provide a penalty therefor," was a constitutional exercise of legislative power.

2. The proviso in said act empowering the judge, in his discretion, to suspend the prosecution or the passing of sentence, conditioned on the accused paying a certain sum weekly to the wife during the period of 12 months, does not impose an additional penalty for the offense, but, on the contrary, is in the interest of the accused, and is inoperative without his consent.

3. Said act is not void because it fails to define the meaning of the words "without just cause." It is within the province of the courts to decide under what circumstances the husband will be excused from performing his legal duties towards his wife or minor children.

(Syllabus by the Court.)

Application by the state, on the relation of E. J. Mioton, for writs of certiorari and

112 LA.—26

prohibition to Joshua G. Baker, judge section A, criminal district court. Application dismissed.

Hamilton Numa Gautier, Barnard Bee Howard, and Adams & Otero, for relator. Walter Guion, Atty. Gen., and Chandler Clement Luzenburg, Dist. Atty. (Philip H. Mentz and Robert Hardin Marr, of counsel), for respondent.

LAND, J. This proceeding is a sequel to the dismissal of the relator's appeal by this court in the case of State of Louisiana v. Eugene J. Mioton (No. 15,164) 36 South. 314,[1] wherein defendant was prosecuted for violating Act No. 34, p. 42, of 1902, entitled "An act making it a misdemeanor to desert or willfully neglect to provide for the support and maintenance by any person of his wife or minor children in destitute or necessitous circumstances and to provide a penalty therefor."

We held in that case that the order issued by the court, after conviction, that defendant pay a certain sum weekly to his wife, was not a sentence under the statute, but a suspension thereof, and therefore the appeal was premature.

In the case of the State v. Cucullu, 110 La. 1087, 35 South. 300, the court held that a party accused of violating Act No. 34, p. 42, of 1902, was without interest to attack the proviso empowering the judge, in his discretion, to order the payment by defendant of a certain sum weekly to his wife, sentence in the meantime to be suspended, because such provisions are entirely in the interest of the parties accused, and subject to their acceptance.

The suspension of sentence in such cases is a matter of grace dependent on the discretion of the court, and the accused is left free to accept or reject the proposition to pay alimony.

---

[1] Ante, 180.

If the accused declines to pay, he is not punished for disobedience of the order of court, but is sentenced for his antecedent violation of the provisions of the statute. The proviso authorizes a compromise in the interest of the wife and children.

This view of the nature of the proviso disposes of the contentions of the relator, which assumes that it provides for an additional punishment. We held in the Cucullu Case that the accused had no interest to contest the constitutionality of the proviso.

The complaint that the act violates article 31 of the Constitution of 1898, and is therefore null and void, as embracing two distinct objects, is without force. The proviso is germane and incidental to the object expressed in the title, and is not a separate and distinct object. Dehon v. Lafourche Basin Levee Board, 110 La. 767, 34 South. 770; State ex rel. Wynee v. Lee, 106 La. 400, 31 South. 14.

The last objection set up in the demurrer is that the statute does not define "just cause," which will excuse the desertion and neglect denounced by its provisions, and therefore leaves the sufficiency of the cause to the discretion and judgment of each judge.

"Desertion," when applied to the relation of husband and wife, has a well-defined legal meaning, and signifies "the act by which a man quits the society of his wife and children, or either of them, and renounces his duties towards them." Black, verbo "Just Cause" means "lawful ground." Id. Hence, whether a man has "just cause" to desert his wife, or to refuse to support her, is a question of law to be determined by the court.

In England and in some of the states of the Union there are statutes which make it criminal for a husband to abandon or fail to support his wife. Under these statutes it is left to the courts to determine what are the defenses that will avail the husband. Thus it has been held that misconduct of the wife, or the absolute inability of the husband to furnish support, are good defenses. McClain on Crim. Law, par. 58.

Relator's counsel in their motion for a new trial filed in the state case cite "131 Va. St. and 48 Mo. App." as holding that a separation by consent of parties is "just cause, for nonsupport." So it seems that the question of "just cause" has been left to the discretion of the courts in other jurisdictions; and this is necessarily so, as the lawmaker cannot be expected to detail all cases which fall within the scope of the statute.

Of course, we cannot consider in this case questions of law which do not affect the jurisdiction of the court, or strike the proceedings with nullity.

Considering the statutes to be constitutional and the court to have jurisdiction, we are constrained to dismiss relator's application, with costs, and it is so ordered.