(50 South. 528.)

No. 17,839.

STATE v. GERSDORF.

(Oct. 18, 1909.)

CRIMINAL LAW (§ 1023*)—NONSUPPORT—APPEAL—FINAL JUDGMENT.

· Acts 1902, ·p. 42, No. 34, provides that any person, who without just cause shall desert or willfully neglect to provide for the support of his wife: or minor children in destitute or necessitous circumstances, shall be deemed guilty of a misdemeanor, and shall be punished, etc. *Held*, that nonsupport under such section is a criminal offense, and that an order of the juvenile court, finding a husband guilty thereof and ordering him to pay to the sheriff each two weeks, for the support of his wife and minor children, $7.50, was not a final, appealable judgment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2589; Dec. Dig. § 1023.*]

Appeal from Juvenile Court, Parish of Orleans; A. H. Wilson, Judge.

Augustus Gersdorf was convicted of nonsupport, and he appeals. Dismissed.

James B. Rosser, Jr., for appellant. St. Clair Adams, Dist. Atty., and A. D. Henriques, Jr., Asst. Dist. Atty., for the State.

PROVOSTY, J. Act No. 34, p. 42, of 1902, provides that:

"Any person who shall, without just cause, desert or willfully neglect to provide for the support of his wife or minor children in destitute or necessitous circumstances, shall be deemed guilty of a misdemeanor and shall be punished by," etc.

Defendant was charged before the juvenile court (which court is given cognizance by law of all such offenses) as follows:

"Did unlawfully and without just cause desert and neglect to provide for the support of Jessie and Bertha Gersdorf, his minor children and lawful issue, and the aforesaid minor children of said August Gersdorf then and there were and now are in destitute and necessitous circumstances," etc.

Quoting from the transcript:

"The plaintiff was then rearraigned, pleaded not guilty, and the trial proceeded with, when, after hearing the evidence of Mrs. Gersdorf and her husband, the accused was found guilty and ordered to pay to the criminal sheriff, each two weeks, the sum of seven and $50/100$ dollars for the support of his minor children, wife to collect."

From the order thus made, defendant has appealed; and the state has moved to dismiss the appeal, relying upon the decision of this court in the case of State v. Mioton, 112 La. 180, 36 South. 314, where the appeal was from a similar order, and the court dismissed it on the·ground that such an order is not

a final judgment of conviction, and therefore is not appealable under the terms of the law regulating appeals from the judgments of the juvenile court.

The learned counsel for defendant says that the matter charged upon defendant is not made criminal by any statute of the state, and that therefore the ruling in the Mioton Case does not apply. The answer is that the matter charged is made criminal by said Act No. 34 of 1902.

Appeal dismissed.