BREAUX, C. J.
On complaint of his wife, defendant and appellant was condemned to pay $5 per week for the support of the children, issue of his marriage with complainant.
This was an order of the court, rendered,it is urged by the state, in accordance with Act 34 of 1902, p. 42.
A part of that act authorizes proceedings in conciliation.
Instead of imposing sentence at the first hearing, the court has the power to make an order, subject to change, directing defendant to pay from time to time a weekly sum for the term of one year.
It is based in part on the consent of the defendant, as expressed in the statute.
In the Mioton Case, 112 La. 180, 36 South. 314, and in the Gersdorf Case, 124 La. 547, 50 South. 528, the order of conciliation had been entered.
The court held that it was premature to appeal therefrom.
In the case before us for decision, the court had passed beyond that point, as the defendant had failed to comply with the first order. It was necessary to impose a fine.
An appeal lies from this last judgment under the law creating the juvenile court.
All appeals lie directly to this court.
It was different when the decision in the Mioton Case was rendered. The appeal at that time was before the court having jurisdiction. under the general provisions of the Constitution.
But now, as just stated, all appeals from the juvenile court are taken to this court.
As the appeal is to this court, we must decline to dismiss the appeal on the motion of the state.
We, none the less, cannot affirm the judgment before us for review, as in our opinion it is not rendered in accordance with law.
The error is that, instead of condemning the defendant under the first law of the act, cited supra, 'by imposing a fine of $100 or less, or imprisonment, the court condemned the defendant to pay to the wife the sum of $7 per week for the term of one year. The *256 court did not follow the statute in this respect.
The court is authorized to impose a fine of $100 or less, as before stated.
The first judgment was for support.
The second judgment should be for the payment of a fine, etc. The way it reads both judgments are for support, and the latter is not more of a penalty than the former.
There is another question raised by the defendant.
The defendant had instituted suit for a divorce, and cited the complaining wife in the case before us for decision to return to the matrimonial domicile with the children.
It presents the question whether the wife, who is summoned to return to the matrimonial domicile, and who, without cause, fails to comply, can be heard to complain, as does the wife Nin the pending case before us.
It does seem as if she should answer in the court having jurisdiction in the divorce suit. That court is vested with jurisdiction in all matters relating to alimony.
For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed, and the defendant released from the payment of the amount of the judgment.