(63 South. 405.)

No. 20,222.

STATE v. DONZI.

In re DONZI.

(Oct. 20, 1913. Rehearing Denied Nov. 17, 1913.)

*(Syllabus by the Court.)*

1. COURTS (§ 472*)—JURISDICTION—VALIDITY OF MARRIAGE.

The civil district court shall have "exclusive jurisdiction in suits by married women for separation of property, in suits for separation from bed and board, for divorce, or nullity of marriage," etc. Article 133 of the Constitution.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 442, 451, 459, 465, 619, 1199–1202, 1204–1224, 1247–1259; Dec. Dig. § 472.*]

2. HUSBAND AND WIFE (§ 313*) — PROSECUTION FOR DESERTION—EVIDENCE—CONTRACT OF MARRIAGE.

The criminal district court shall have exclusive original jurisdiction for the trial and punishment of all offenses where the penalty of death, imprisonment at hard labor, or imprisonment without hard labor for any time exceeding six months, or a fine of $300 may be imposed, and it is without jurisdiction to determine the validity of a contract of marriage. Const. art. 139.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1110; Dec. Dig. § 313.*]

3. HUSBAND AND WIFE (§ 313*) — PROSECUTION FOR DESERTION—EVIDENCE—CONTRACT OF MARRIAGE.

In a suit against the husband for wife desertion under Act No. 34 of 1902, p. 42, it is incompetent for the accused to offer evidence going to show the nullity of the marriage between him and his wife, except by the offer of the record and the final judgment of a court of competent jurisdiction decreeing said marriage to be null.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1110; Dec. Dig. § 313.*]

4. CRIMINAL LAW (§ 1158*)—HUSBAND AND WIFE (§ 314*) — FINDINGS — PROSECUTION FOR DESERTION—DEFENSE—JUST CAUSE.

It is within the province of the trial court to decide whether a husband or father has "just cause" for deserting his wife, or for refusing to support his wife or children, who are in necessitous circumstances, and such finding will not be reviewed by this court where the jurisdiction of the trial court is not involved, or the proceedings shown to be null.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3061–3066, 3070, 3071, 3074; Dec. Dig. § 1158;* Husband and Wife, Cent. Dig. § 1111; Dec. Dig. § 314.*]

Provosty, J., dissenting.

*(Additional Syllabus by Editorial Staff.)*

5. HUSBAND AND WIFE (§ 304*) — ABANDONMENT—"JUST CAUSE."

"Just cause" as used in Act No. 34 of 1902, p. 42, providing for the punishment of "any person who shall, without just cause, desert, or willfully neglect to provide for the support of his wife, or minor children," means "lawful ground."

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1102; Dec. Dig. § 304.*

For other definitions, see Words and Phrases, vol. 4, p. 3897; vol. 8, p. 7699.]

Giacinto Donzi was convicted of wife desertion, and applies for writs of certiorari and prohibition. Writs denied.

Arthur Landry, of New Orleans, for relator. P. J. Patorno, of New Orleans, for Mrs. G. Donzi. C. C. Luzenberg, Dist. Atty., of New Orleans, for the State.

SOMMERVILLE, J. Relator has been found guilty of wife desertion under Act No. 34 of 1902, p. 42, which act declares wife desertion to be a misdemeanor, and punishable by fine or imprisonment, or both. He has been ordered to pay to the criminal sheriff, for the benefit of his wife, the sum of $5 per week for one year from the date of the judgment.

He asks that writs of certiorari and prohibition issue directed to the judge of division B of the criminal district court for the parish of Orleans and the district attorney for said parish, forbidding them to proceed further with the prosecution against him, and that he be declared not guilty of the misdemeanor charged—

"for the reason that the criminal district court for the parish of Orleans was not vested with jurisdiction to try the charge lodged against him,

and for the further reason, if this ground be dismissed, that relator was not permitted to introduce evidence to make a proper defense and show 'just cause' under the statute, the provisions of which he is charged with violating, and that he be dismissed from further custody."

In the case of State v. Barilleau, 128 La. 1033, 55 South. 664, we hold that rules for alimony may not be filed in a civil proceeding for the annulment of a marriage, although they may be filed in suits for separation and divorce, and that the remedy provided in Act No. 34 of 1902, p. 42, declaring child desertion to be a misdemeanor, was valid. The cases of State v. Mioton, 112 La. 180, 36 South. 314, State v. Gersdorf, 124 La. 547, 50 South. 528, and State v. Boettner, 127 La. 253, 53 South. 555, are not applicable to the matters involved in this case.

[2] The Constitution, art. 139, confers upon the criminal district court for the parish of Orleans exclusive original jurisdiction for the trial and punishment of all offenses where the penalty of death, imprisonment with hard labor, or imprisonment without hard labor for any time exceeding six months, or a fine exceeding $300 may be imposed, etc., and Act No. 34 of 1902, p. 42, defining wife desertion to be a misdemeanor, provides that, upon conviction, defendant may be punished by a fine not exceeding $100 or by imprisonment in the parish prison not exceeding one year, or both, in the discretion of the court. The criminal district court has therefore jurisdiction in the case against defendant.

[3] The allegation of relator to the effect that "he was not permitted to introduce evidence to make a proper defense and show 'just cause' under the statute" for deserting his wife is based upon the ruling of the trial court sustaining objections to certain evidence which he—

"proposed to offer to the court, both documentary and oral, attacking the validity of the marriage out of which his prosecution grew, and also to show that a suit for the annulment of said marriage was pending before the civil district court for the parish of Orleans, on the ground that the prosecuting witness Giuseppina Cancemi, widow of S. Suderi, had another husband living in New York, from whom she had never been divorced, and that therefore the marriage contracted on the 15th day of October, 1912, was null and void, and no effect could flow therefrom, and no prosecution for nonsupport of the putative wife could lie thereunder."

And he argues that such evidence, if admitted, would have shown "just cause" for having abandoned his wife.

[4] Act No. 34 of 1902, p. 42, provides:

"That any person who shall, without just cause, desert or, willfully neglect to provide for the support of his wife, or minor children in destitute or necessitous circumstances shall be deemed guilty of a misdemeanor"

—and shall be punished, etc. But the allegations made by relator in his petition for the annulment of his marriage which he offered in evidence in this case are not proof; the allegations were made by himself, and they could not possibly be construed by a court as a "just cause" for relator to have deserted his wife. And the testimony in support of those allegations could only be received in the civil suit. The trial court properly rejected the evidence. Had the civil suit for the annulment of the marriage gone to judgment, that judgment would have been competent evidence to be offered and received on the trial of the criminal case, and it would have been binding upon the criminal district court. The latter court could not have passed upon the validity of the contract of marriage attacked by the defendant.

[5] The "just cause" referred to in the statute means "lawful ground." Black. Hence, whether or not a man has "just cause" for deserting his wife, or for refusing to support her, is a question to be determined by the court. The decision of the trial court in the present case that relator deserted his wife without "just cause" is a matter of law which we cannot consider, for the reason

that it does not affect the jurisdiction of the trial court, or strike the proceedings with nullity. State ex rel. Mioton v. Judge, 112 La. 801, 36 South. 703.

The application of relator will be denied.

It is therefore ordered, adjudged, and decreed that the order issued in this case September 17, 1913, be recalled and set aside, and that the application of relator herein for writs of certiorari and prohibition be denied, at his cost.

PROVOSTY, J., dissents on the point of the admissibility of proof of first marriage of wife, and will hand down reasons. See 63 South. 406.