LAND, J.
The proceedings on which this application is based may be briefly stated as follows:
On February 7, 1916, Ella Jackson filed against Geo. G. Vogt, in the civil district court for the parish of Orleans, a suit for separation from bed and board, on the ground of ill treatment and abandonment.
On February 10, 1916, the defendant filed an answer, denying the allegations of abandonment and ill treatment, and, reconvening, alleged adultery on the part of the wife, and prayed for judgment of divorce and .the custody of the three children of the marriage.
On March 2, 1916, the plaintiff filed a rule for alimony at the rate of $150 per month, based on an allegation that the defendant’s salary was between $300 and $400 per month.
The judge fixed the alimony at the rate of $100 per month; and the defendant, failing to pay the same, was ruled for contempt, and on August 26, 1916, the rule was made absolute, and the defendant ordered to be imprisoned in the parish prison for the term of seven days; the court reserving the right to suspend the sentence whenever the defendant should make payment of said alimony, or such part thereof as the court might approve.
The next proceeding was a charge in the juvenile court against the defendant for nonsupport of his minor children, filed on January 9, 1917, and dismissed on plea to the jurisdiction of the court on January 17, 1917.
On the same day Ella Jackson filed in the civil district court a motion to discontinue the suit for a separation from bed and board at her own costs.
The motion was granted, but the order was subsequently amended, so as to except the reconventional demand of the defendant.
On January 22, 1917, the assistant district attorney filed in the juvenile court an information charging that George G. Vogt, on January 18, 1917, did willfully neglect and refuse to provide for the support of his three minor children, then and there in destitute and necessitous circumstances, contrary to the form of the statute.
On March 13, 1917, the defendant filed a plea to the jurisdiction of the juvenile court, based on the said proceedings, orders, and decrees in the suit of Ella Jackson v. George G. Vogt in the civil district court, as herein-before set forth.
In the plea the defendant averred that he had been paying alimony under the said judgment of the civil district court, which not only retained jurisdiction of the question of the custody of the children, but also of the incidental question of alimony.
The juvenile court overruled the plea to its jurisdiction, and thereupon the defendant gave notice of his intention to apply to the Supreme Court for relief.
The record discloses a clash between the jurisdiction of the civil district court, first invoked and exercised, and the assumed jurisdiction of the juvenile court.
In State v. Boettner, 127 La. 253, 53 South. 555, this court held that the wife, a defendant in a suit for a divorce, could not invoke the jurisdiction of the juvenile court for the purpose of compelling her husband to pay her alimony.
In the case of State v. McCloskey, 136 La. 739, 67 South. 813, the question was as to the custody of the minor child of the marriage.
It appears that the husband had filed a suit for a separation from bed and board, in which he had prayed that the custody of the child be awarded to him, at the same time retaining possession of the child; that the wife *767 thereupon filed an affidavit in the juvenile court, charging that the child was neglected and abandoned, and praying that its custody be awarded to her; that the defendant husband pleaded to the jurisdiction of the juvenile court on two grounds: First, because the awarding of the custody of the child belonged to the civil district court; and, second, because said child is neither neglected nor abandoned, but was being taken good care of by its father, a man of means, and that on a hearing the judge of the juvenile court ordered that the child be turned over to the wife on her furnishing bond in the sum of $1,000.
Thereupon the defendant husband applied to this court for writs of prohibition and certiorari. His application was denied for the following reasons:
“The juvenile court and the court in which a suit of separation from bed and board is pending between the parents of a child may have simultaneous, though not concurrent, or conflicting, jurisdiction of the custody of the child; that of the juvenile court to b'e exercised as between the state, or, so as to speak, the child, and the parents of the child; and that of the other court to be exercised as between the parents.”
The court further stated that, on the assumption that the child was not neglected, the juvenile court was utterly without jurisdiction of her custody, and the civil district court had exclusive jurisdiction.
The court further said, “With the facts of this case, this court has nothing to do;” referring to the constitutional provision limiting our jurisdiction in case of appeals from juvenile courts to “matters of law only.” Section 1, art. 118, Const. 1913.
The McCloskey Case was reaffirmed in Brana v. Brana, 139 La. 305, 71 South. 519, and its doctrine may now be considered as stare decisis.
[1,2] To the objection that the child was not a neglected child, we reply in an excerpt from Brana v. Brana, supra, 139 La. 311, 71 South. 520, reading as follows:
“But the law would not be to blame; but the juvenile court would be at fault in having found that a child was neglected, when in fact it was not.”
The case of State of Louisiana v. George G. Vogt has never been tried on its merits, and when so tried, it is to be presumed, will be decided according to the law and the evidence.
The case before us involves only the question of the jurisdiction of the juvenile court, which we consider as settled against the relator by the two cases cited supra. See also the unreported cases of State ex rel. Jacob v. Judge (No. 20955); State ex rel. Schlemmer v. Judge (No. 21234); State ex rel. Bagnetto v. Judge (No. 20956); State ex rel. Schreiner v. Judge (No. 21441); and State ex rel. Everhardt v. Judge (No. 21356).
It is therefore ordered that the rule to show cause herein issued be discharged, and that relator’s application be dismissed with costs.
SOMMERVILLE, J., takes no part.