(78 South. 742)

No. 23071.

STATE v. CLARK.

(April 29, 1918.   Rehearing Denied May 27, 1918.)

*(Syllabus by the Court.)*

1. CERTIORARI ⟨⟩14—PROHIBITION ⟨⟩5(2)—ACTION OF JUDGE OF JUVENILE COURT.

A writ of certiorari and prohibition will not issue to the judge of the juvenile court, where it appears that defendant has been ordered to pay alimony to his child, to furnish a guaranty, or conditional, bond, and, in default of furnishing said bond, to be held for further proceedings and orders of the court.

*(Additional Syllabus by Editorial Staff.)*

2. PARENT AND CHILD ⟨⟩17(1)—NONSUPPORT—ORDER OF COURT—JURISDICTION.

Where a parent was convicted of failing to support his minor child, and ordered to pay a certain amount per month for its support, the juvenile court's order that a guaranty, or conditional, bond, be furnished by defendant did not exceed its authority.

3. CRIMINAL LAW ⟨⟩1213—CRUEL AND UNUSUAL PUNISHMENT.

The juvenile court, in ordering that defendant, in default of furnishing a guaranty bond to pay a certain sum per month for the support of his child, be held for further proceedings and orders of the court, did not impose a cruel and unusual punishment, or condemn defendant to perpetual punishment.

4. CERTIORARI ⟨⟩3—PROHIBITION ⟨⟩3(1)—EXHAUSTION OF REMEDIES IN TRIAL COURT.

Relator should have exhausted his remedies for relief in the trial court before obtaining writs of certiorari and prohibition against the judge of the juvenile court, ordering him to give a guaranty bond to pay a monthly sum for the support of his child, and in default of furnishing such bond to be held for further orders of the court, and committing him.

5. PARENT AND CHILD ⟨⟩17(8)—ORDER TO PAY ALIMONY FOR SUPPORT OF CHILD—APPEAL.

An order to pay alimony for the support of defendant's minor child was not a sentence, and no appeal would lie until a sentence of fine or imprisonment, or both, had been imposed.

Certiorari to Juvenile Court, Parish of Orleans; A. H. Wilson, Judge.

L. Edward Clark was found guilty of failing to provide for the support of his minor child, and was ordered to pay $50 a month

143 LA.—16

for its support, and on his default he was ordered to furnish a guaranty bond, and in default to be held for further orders of the court. From an order of commitment until he furnished a bond, he applied for writs of certiorari and prohibition to the juvenile court for the parish of Orleans. Order for writs recalled, and application of relator refused.

Robert H. Marr, of New Orleans, for applicant. A. V. Coco, Atty. Gen., and C. C. Luzenberg, Dist. Atty., and E. Stanley, Asst. Dist. Atty., both of New Orleans (V. A. Coco, of New Orleans, of counsel), for the State.

SOMMERVILLE, J.   The record shows that relator was found guilty, March 28, 1918, of failing to provide for the support of his minor child, and that he was ordered to pay $25 on the 1st and 15th of each month for one year, beginning April 1, 1918, for the support of said child; that he failed to pay the amount ordered by the court on April 1st; that a rule for a new trial was filed April 3d; and a rule was filed, April 4th, for defendant to show cause why the judgment of the court should not be executed. The rules for a new trial and to show cause were tried on April 11th, a new trial was refused, and the rule to show cause was—

"made absolute, and I [the judge] order defendant to furnish a guaranty bond, with security, in the sum of $600, to guarantee future alimony; in default of furnishing guaranty bond, defendant to be held for further proceedings and orders of this court."

The record continues, on the same day:

"Defendant and his counsel retired from the courtroom and returned in a few minutes."

Then:

"By Mr. Marr: After talking with Mr. Clark, I am informed that he cannot furnish a guaranty bond, and now give notice of my intention to apply to the Supreme Court of the state of Louisiana for writs," etc.

Relator represents in his petition to this court that:

"Upon refusal of a new trial, a bill of exceptions thereto being reserved, Hon. Andrew H. Wilson, judge of said court, thereupon ordered your relator into custody and to stand committed until your relator should furnish a bond in the sum of $600, conditioned upon the payment of $50 per month as alimony to said child for the space of one year. Now your relator shows that he is altogether unable to furnish bond for the payment of said alimony, and has so informed Hon. A. H. Wilson, judge as aforesaid, and relator shows that said judge persisted in his said order and stated that your relator would stand committed to the parish prison until said bond should have been furnished. Now your relator shows that said order is a sentence to perpetual imprisonment, and is a cruel and unusual punishment imposed upon relator for failure to furnish a bond, which said order is contrary to the Constitution of Louisiana, and to the Constitution of the United States, and it is beyond the power and authority of any court to impose, and, in particular, beyond the power and authority of said judge to commit to prison until a bond for the payment of money should have been furnished."

The ruling complained of was not made in connection with the motion for and refusal of the new trial, but in connection with the rule to show cause why the judgment should not be executed, which two rules were tried at the same time.

[1, 2] In ordering that a guaranty or conditional bond should be furnished by defendant the court did not exceed its authority, and in ordering that "in default of furnishing guaranty bond defendant be held for further proceedings and orders of this court" the court did not impose a cruel or unusual punishment upon relator, or condemn him to perpetual punishment. It is usual, in the trial of criminal cases, for the judge to remand the defendant until the bond fixed by the court is furnished.

The amount of the bond was fixed, and thereupon "defendant and his counsel retired from the courtroom and returned in a few minutes," and counsel "informed" the court that defendant could not furnish a guaranty bond. He had not apparently tried to furnish the bond; and he did not apply to the court to relieve him from furnishing the bond for any reason whatever.

Relator should have exhausted his remedies for relief in the trial court before he came to this court for relief from the orders of that court.

If relator had made request of the trial court for relief, that request would doubtless have been considered. The judge says in his return:

"Respondent makes this statement to your honors candidly and unreservedly of his intention to give defendant a full and early and prompt hearing on any matters that he desires to present for consideration, if it be Clark's ability or nonability to furnish a bond, which he ought to present to the court, or his request for sentence because of his nonability to furnish a guaranty bond. In either event he is entitled to a hearing, and should ask for it in either connection before he seeks the power and authority of your honors.

"In connection with defendant's conduct, respondent states that Clark made no effort to obtain a guaranty or conditional bond, as it is termed. His retirement from the court and return were almost immediate; and, although he had already furnished three appearance bonds with apparent ease, his counsel immediately stated Clark's inability to comply with this order. This conduct of Clark has little bearing on the question of his legal rights, which he may assert in the juvenile court, and of which he has not been and will not be deprived, but it does serve to illustrate his attitude towards the court and his little child."

The judge further answers:

"The proceedings taken in this matter have followed the practice of the criminal district court under Judges Baker and Chretien, and of the juvenile court, in the interpretation and application of Act No. 34 of 1902, and as interpreted in many of the country district courts, in requiring of the defendant a conditional or guaranty bond, that is, that defendant shall give a bond for his appearance and also to guarantee the payment of amount set out in order of court for support of child. That practice has been twice upheld by your honors in State v. J. D. Grant, No. 20875, and in State v. Edrington, No. 22993, both applying for writs under present circumstances, and in both of which applications were denied.

"It seems but fair to give defendant the opportunity to furnish a bond, if he wants to or can. He was not ordered committed or held indefinitely, but temporarily under orders of court, which required that under the rules he would, in a few days at most, be brought up for hearing, and such action as the court might determine. If he desired a hearing otherwise, he could apply for and have it. Your honors know that every man held under bond author-

ized by law, may be held for a reasonable time until he furnishes it, and that the delay is for his benefit, that he may furnish the bond to avoid sentence, which may be to prison. He would be held for a short delay, to allow him his legal privilege of giving bond, and he could not very well be subject to final judgment under this Act No. 34 of 1902 until he had failed or refused to give the bond.

"It is not true that he was to be permanently deprived of his liberty. This bond, commonly called 'conditional or guaranty bond,' is authorized by this act, and it is in the interest of the defendant as well as the child. Quoting from Act No. 34 of 1902: 'A recognizance, with or without sureties, in such sums as the court shall direct. The condition of the recognizance shall be such that if the defendant shall make his personal appearance in court whenever ordered to do so within the year, and shall further comply with the terms of the order [for the support of the child] or of any subsequent modification thereof, then the recognizance shall be void, otherwise of full force and effect.'

"If he fails to give bond he may be sentenced as pointed out by law, or the court may consider any suggestion that defendant may have to offer, as these matters are 'in conciliation,' and in the interest of the child on the part of the state."

With the assurance of the judge that he will give relator a full, early, and prompt hearing on the matter involved, the writ will be recalled.

Relator has just filed a printed brief on which he explains what was meant by his counsel in stating in open court:

"After talking with Mr. Clark, I am informed that he cannot furnish a guaranty bond."

It appears that his inability to furnish the bond was because of his refusal to do so, as he had decided and declared his intention to be not to pay the alimony to his child, as ordered by the judge. He now says:

"How could Clark get anybody to sign his bond for the payment of alimony when he definitely stated that he had no intention of paying that alimony? But that has nothing to do with the case. Clark at no time had any intention of paying the alimony; his intention as announced to the court all along, was not to pay the alimony, but to take an appeal, and if he had furnished the bond, he would have been cut off from all right of appeal."

[3-5] These declarations not to pay alimony or to furnish a guaranty or conditional bond have much to do with the case. If relator had informed the court that he declined the favor extended of paying alimony, and asked for sentence under act No. 34, 1902, p. 42, so that he might appeal from the conviction and sentence, the judge would doubtless have completed the judgment by sentencing him, and have granted him an appeal on motion to that effect. The order to pay alimony was not a sentence; and no appeal would lie until sentence of fine or imprisonment, or both, had been imposed. State v. Mioton, 112 La. 180, 36 South. 314; State ex rel. Mioton v. Judge, 112 La. 801, 36 South. 703; State v. Gersdorf, 124 La. 547, 50 South. 528; State v. Boettner, 127 La. 253, 53 South. 555.

The order of the court to defendant to give a guaranty bond, with security to guarantee the payment of future alimony, and, in default of furnishing such bond, defendant to be held for further proceedings and orders of the court, was not, under the circumstances, unusual or harsh. Defendant, under such order, could have declined the order of the court, and have refused to pay alimony or furnish bond. But the declaration of his inability to furnish the bond did not convey to the mind of the judge that he refused to do so.

Relator should have exhausted his remedies for relief before applying to this court for writs of certiorari and prohibition.

It is ordered, adjudged, and decreed that the order for writs of certiorari and prohibition issued herein be recalled, and the application of relator be refused at his costs.