(88 South. 548)

No. 24491.

## STATE ex rel. CORCORAN v. JUDGE OF SECTION B, CRIMINAL DISTRICT COURT.

(May 2, 1921.)

*(Syllabus by the Court.)*

Husband and wife &approx;321 — Where one convicted of wife desertion refuses after trial and conviction to pay weekly alimony, judge must impose sentence.

Where a defendant charged under Act No. 34 of 1902 with wife desertion is ordered, after trial and conviction, and refuses, though able so to do, to pay the weekly alimony, as provided by that statute, it becomes the duty of the judge to impose the sentence of fine, or imprisonment, or both. Pending such sentence, if it be delayed, and the appeal if there be one, the defendant is entitled to be released on bail.

Proceedings by the State, on the relation of John L. Corcoran, against Judge of Section B, Criminal District Court, for writs of certiorari, mandamus, and prohibition. Application denied in part and allowed in part.

A. J. Bonomo and John J. Jackson, both of New Orleans, for relator.

Robert H. Marr, Dist. Atty., of New Orleans, for respondent.

MONROE, C. J. It appears from the application and returns herein that on January 7, 1921, relator was convicted of wife desertion and nonsupport, and that the respondent judge made an order directing him to pay to her $9 per week for one year, beginning January 10, 1921; that relator acquiesced in said judgment and made payments as ordered on January 10 and January 17; that on February 14 he moved for a new trial, alleging that his wife was not in necessitous circumstances, by reason of the fact that she had in her possession $448 worth of household furniture belonging to him, and which he had sequestered under a writ issued from the civil district court; that the motion for new trial was overruled, and relator ordered to give bond as provided by Act 34 of 1902, p. 42, which he refused to do, and that he was thereupon committed to the parish prison; that on February 18 he applied to the respondent judge for a writ of habeas corpus, which writ was issued, and, after hearing, discharged.

Relator alleges in several articles of his petition: (3) That upon his refusal to pay alimony or furnish bond he requested the judge to pass sentence according to law (citing Act 34 of 1902), which request was refused; (4) that the judge then committed him to prison without sentence until he should furnish the bond; (5) that relator then applied for a writ of habeas corpus, which was denied; (6) that he moved verb-

ally to be granted a suspensive appeal, returnable to this honorable court, in accordance with law and that he be released on bail, pending the hearing of the appeal in this matter; that the trial judge refused him that constitutional right and ordered him returned to prison; and that he is now held a prisoner.

He prays for writs of certiorari, mandamus, and prohibition, requiring the judge to send up the record—

"commanding him to sentence your relator, to grant him an appeal in accordance with law, and that a writ of prohibition do issue herein directing him to proceed no further with the execution of his order to furnish a conditional bond, and that the same be set aside."

Relator was ordered by this court to be admitted to bail, pending a hearing of this application, and the trial judge was ordered to show cause why other relief prayed for would not be granted. The only point relied on by relator is stated in the brief of his counsel as follows:

"The contention of your appellant (meaning applicant) is that, once the court below orders him to pay alimony, at a stipulated amount per week, his failure to pay the same must be met by a sentence, in accordance with Act 34 of 1902. At no time does this act provide for such a bond as was imposed in this case. At no time did your appellant say that he was unable to furnish a bond. What he said before the lower court, and what he says now, is that he refuses to furnish a conditional bond. This fact distinguishes the present case from that of State v. Clark, 143 La. 480, 78 South. 742."

The cited statute does not authorize the course pursued by the respondent judge, and we have been referred to none that does; and it was so decided in State v. Boettner, 127 La. 253, 53 South. 555. It is true that that was a case of child desertion appealed from the juvenile court, but the statute (Act 34 of 1902) interpreted was the same as that under which relator is prosecuted, it being applicable to both wife and child desertion, and was the same as that interpreted in State v. Clark, 143 La. 486, 78 South. 742, where it was said by this court (after quoting certain statements by the defendant, Clark, to the effect that he would neither pay alimony nor furnish a bond such as is here required):

"These declarations not to pay alimony or to furnish a guaranty or conditional bond have much to do with the case. If relator had informed the court that he declined the favor extended of paying alimony, and asked for sentence under Act 34, 1902, p. 42, so that he might appeal from the conviction and sentence, the judge would doubtless have completed the judgment by sentencing him, and have granted him an appeal on motion to that effect. The order to pay alimony was not a sentence; and no appeal would lie until sentence of fine, or imprisonment, or both, had been imposed."

It was held that the relator (Clark) should have exhausted his remedies in the trial court (by requesting the court to impose a sentence from which he could appeal, and for release on bail), and it was because of his failure to do so, and of the assurance of the respondent judge that he would "give relator a full, early, and prompt hearing in the matter involved," that the relief prayed for was denied. As we understand the record in this case, the relator requested that sentence be imposed, and the request was denied, and he was remanded to prison without benefit of bail. We find that there was error in that ruling.

It is therefore ordered that the alternative writ of mandamus herein issued be made peremptory, directing the respondent judge to give relator a speedy hearing and acquittal or sentence, and that in the meanwhile relator be released on bail, should he so request and furnish a proper bond. It is further ordered that in other respects this application be dismissed.