(90 South. 536)

No. 24662.

## STATE v. McDERMOTT.

## In re McDERMOTT.

(June 15, 1921. On Rehearing, Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Husband and wife** ⊗═►305—**Pendency of husband's action against wife for separation does not bar prosecution for abandonment of wife.**

Pendency of husband's action against wife for separation from bed and board on ground of abandonment did not preclude the state from prosecuting the husband for abandonment of the wife in violation of Act No. 34 of 1902, § 1.

2. **Criminal law** ⊗═►1139—**Cases not retried on merits in Supreme Court.**

Criminal cases cannot be retried in the Supreme Court on the merits.

3. **Husband and wife** ⊗═►321—**Criminal district court empowered to sentence husband convicted of nonsupport to pay wife $7 a week for one year.**

In prosecution of husband for nonsupport of wife under Act No. 34 of 1902, § 1, the criminal district court was empowered to sentence him to pay $7 a week to his wife for the period of one year.

O'Niell, J., dissenting.

Walter Paul McDermott was convicted for nonsupport of wife. He applies for writs of certiorari and prohibition. Application for writ of prohibition dismissed.

William V. Seeber, of New Orleans, for applicant.

Robert H. Marr, Dist. Atty., of New Orleans, for the State.

PROVOSTY, J. Act 34, p. 42, of 1902 reads:

"Sec. 1. Be it enacted by the General Assembly, that any person who shall, without just cause, desert or willfully neglect to provide for the support of his wife or minor children in destitute or necessitous circumstances shall be deemed guilty of a misdemeanor, and shall be punished by a fine not exceeding $100 or by imprisonment in the parish prison not exceeding one year, or both, in the discretion of the court; and should a fine be imposed, it may be directed by the court to be paid in whole or in part to the wife, or to the tutor, or custodian of the minor. Provided that before the trial (with the consent of the defendant) or after conviction, instead of imposing the punishment hereinbefore provided, or in addition thereto, the court in its discretion having regard to the circumstances and financial ability of the defendant, shall have the power to pass an order, which shall be subject to change by it from time to time as the circumstances may require, directing the defendant to pay a certain sum weekly for the space of one year to the wife, and to release the defendant from custody on probation for the space of one year upon his entering into a recognizance, with or without sureties, in such sum as the court shall direct. The condition of the recognizance shall be such that if the defendant shall make his personal appearance at court whenever ordered to do so within the year, and shall further comply with the terms of the order or of any subsequent modification thereof, then the recognizance shall be void, otherwise of full force and effect.

"If the court be satisfied by information and due proof under oath, at any time during the year, that the defendant has violated the terms of such order, it may forthwith proceed to the trial of the defendant under the original indictment, or sentence him under the original conviction, as the case may be. In the case of forfeiture of a recognizance, and enforcement thereof by execution, the sum recovered may in the discretion of the court be paid in whole or in part to the wife, or to the tutor, or custodian of the minor."

[1] An information having been filed against the relator under this act in the criminal district court charging him with nonsupport of his wife, he moved to quash same on the ground that the criminal district court was without jurisdiction of the case because a suit filed by him against his wife in the civil district court for separation from bed and board on the ground of abandonment was still pending.

This motion to quash was properly overruled. The two suits are between different parties, have a different basis, and fall respectively under different jurisdictions—one under the civil, and the other under the criminal.

The Boettner Case, 127 La. 253, 53 South. 555, invoked by relator, involved a charge of nonsupport of child, and was an appeal from the juvenile court. It involved no question of jurisdiction.

Relator complains that he was convicted, although he proved that his wife had refused to obey the summons issued to her in the separation from bed and board suit to return to the matrimonial domicile, and although his wife testified that she would never return to him.

[2] Criminal cases cannot be retried in this court on the merits.

[3] Relator was sentenced to pay $7 a week to his wife for the space of one year. He contends that, the fine which the court is authorized by said statute to impose being limited to $100, the court was without authority to require a greater amount than this to be paid to the wife.

The statute contains no such limitation, but leaves the amount to be paid to the wife entirely in the discretion of the court; so that it might be $1,000 or more a week if the circumstances of the case justified it, and, indeed, is expressly authorized to be required to be paid in addition to the fine.

The application of relator for the writ of prohibition is dismissed at his cost.

O'NIELL, J., dissents.

On Rehearing.

LAND, J. After due consideration of this case, we have arrived at the conclusion that our former judgment is correct, for reasons assigned in our original opinion, which is adopted as our opinion on rehearing. State v. Boettner, 127 La. 253, 53 South. 555, overruled.

Our former judgment is therefore adopted and reinstated as the judgment of the court.

O'NIELL, J., dissents.