LAND, J.
An information was filed by the district attorney in this case on May 12,1922, charging that the relator, “on the 15th day of October, in the year of our Lord one thousand nine hundred and twenty-,” “willfully and unlawfully did desert, fail, refuse, and neglect without just cause to support and provide for his wife, Mrs. Henry Fried, she being in necessitous circumstances.”
Defendant was duly arraigned, pleaded not guilty, and his case was regularly set for trial. He was found guilty by respondent judge, and was ordered by the court to pay to the clerk of the court for the support of his wife the sum of $?0 per month, said amóunt to be paid on the 1st and 15th of every month. It was further ordered by the court that the defendant furnish a bond in the sum of $360 to secure the payment of said amount.
On May 26, 1922, relator filed in this court an application for writs of certiorari and prohibition, directed to respondent judge, alleging the absence from the transcript filed herein of nine bills of exceptions, the illegality of the sentence imposed upon him, and the error of respondent judge in overruling a motion in arrest of judgment based upon the contention that the information was prescribed upon its face.
Relator offered to prove, upon the trial of ■his case, as a “just cause” and defense for refusing to support his wife that, within a week after her return to him, after a separation of six months and one week, she had 'had a miscarriage at a hospital. The respondent judge excluded this testimony on the ground that, as relator and his wife had become reconciled, and were living together when the alleged miscarriage took place, no proof was admissible of this charge, as it had been condoned by the relator.
In this connection, we find an order of this court, of date October 2, 1922, directing the clerk of the parish of Jefferson to show cause why the writ of certiorari herein issued should not be complied with, on or before the 9th day of October, by producing thé bills of exception in question. Respondent clerk answered that he had filed with the transcript a certified *713 copy of all the proceedings had in the case; that he had no knowledge of any bills of exception supposed to have been handed to the respondent judge, for the reason that said bills of exception were never filed in the record in respondent’s office; and that, upon inquiry of respondent judge, as to such bills of exceptions, he was informed by him that, after the transcript had been filed in the Supreme Court, and after the writs had been granted, the attorney for the relator handed certain documents to the said judge for examination, and that respondent judge refused to sign same, as they had never been officially filed in the record, and therefore constituted no part of the record; and that, the case having been already transferred to the Supreme Court, he (the judge) had no right or authority to proceed any furthér in matters pertaining to said case, and because the bills of exception were practically a repetition of the allegations of the petition filed in the Supreme Court praying for the writs. Respondent .clerk states that since said bills of exception were never filed in the record, and at no time came into his possession, it is impossible for him to file same in the Supreme Court.
 It is clearly the duty of counsel for defendants to present bills of exception and have them signed by trial judges and filed in the records of the lower court before lodging a transcript in this court. It is not legally possible to bring up in a record that which is not contained in it. Even if such bills of exception were properly before us, the writ of certiorari will not issue, when the object of the writ is to coerce the trial judge to admit evidence rejected on the ground of inadmissibility. State ex rel. Bright v. Judges, 36 La. Ann. 482; State ex rel. Unbehagen v. Nephler, 35 La. Ann. 365.
Moreover, the decision of the trial court in the present case that relator deserted his wife without “just cause,” is a matter of law which we cannot consider, for the reason that it does not affect the jurisdiction of the trial court, or strike the proceedings with nullity. State ex rel. Mioton v. Judge, 112 La. 801, 36 South. 703; State v. Donzi, 133 La. 925, 63 South. 405.
Relator also complains that the information charges him with having committed the offense of wife desertion on or about the 15th day of October, 1920; that the information was filed on the 12th day of May, 1922; that there is nothing contained in said information to negative the prescription of one year; and that the plea of prescription of one year filed by him should have been sustained, as prayed for in his motion in arrest of judgment.
The respondent judge in his return states that the information was drawn on the regular printed form, the date appearing thereon being printed as follows, “in the year of our Lord, one thousand nine hundred and twenty -.” He states .that all the evidence was to the effect that the original separation between the parties took place in September or October, 1921; that they became reconciled in February, 1922, and thereafter separated again; that no objection was made during the trial by the attorney for the relator ; and that only when the district attorney moved to amend the information to conform with the facts proven, was an objection made. Respondent judge further states that he did not consider that the variance was such as to be material to the merits of the case, nor that the defendant could be prejudiced thereby in his defense. To have maintained the motion in arrest of judgment merely because the blank space after the words “one thousand nine hundred and twenty —-•” was not filled in would have resulted in this ease in a useless waste of time, as a new information could have been immediately filed, and the same heard all over again with the same result. Revised Statutes 1870, § 1047; Marr’s Crim. Juris, p. 427. In other words, there was no prescrip *715 tion in fact, the apparent prescription resulting from a mere omission to fill in tlae proper date of the offense, whic-h has not been prescribed. Section 1063 of the Revised Statutes of 1870 expressly provides that no indictment shall be held insufficient “for omitting to state the time at which the offense was committed in any case where time is not of the essence.” We therefore conclude that the motion in arrest in this case was properly overruled.
Moreover, the order of respondent judge that relator pay alimony to his wife and that he execute bond as security for such payment is not a final sentence, which can be stayed by a motion in arrest of judgment; such an order being a mere interlocutory decree, subject to modification by respondent judge at any time, and the accused is left free to accept or reject the proposition to pay alimony. If the accused declines to pay,' he is not punished for disobedience of the order of court, but is sentenced for his antecedent violation of the provisions of the statute. State ex rel. Mioton v. Baker, 112 La. 801, 802, 36 South. 703.
Relator complains that he has been ordered to pay alimony to his wife from a date prior to the date of his desertion as charged in the information. The record discloses that relator made no complaint of this character in the ’trial court, and filed no motion to have the interlocutory order changed or modified in any way.
The order to pay alimony was not a sentence; and no appeal would lie until sentence of fine or imprisonment, or both, had been imposed. Defendant under such order could have declined the order of the court and Have refused to pay alimony or furnish bond, and, when sentenced, could have appealed to this court. Relator should hq.ve exhausted his remedies for relief before applying to this court for writs of certiorari and prohibition. State v. Clark, 143 La. 481, 78 South. 742; State v. Gersdorf, 124 La. 547, 50 South. 528; State v. Boettner, 127 La. 253, 53 South. 555.
It is therefore ordered, adjudged, and decreed that the order for writs of certiorari • and prohibition issued herein be recalled, and the application of relator be refused, at his costs.