18 So.2d 625

**STATE v. ROME.**

No. 37514.

May 22, 1944.

Theodore Cotonio, of New Orleans, for relator.

George McCulloch, Jr., of New Orleans, for respondent.

FOURNET, Justice.

Joseph Agney Rome, whose application to the judges of the Criminal District Court for the Parish of Orleans for a writ of mandamus to compel the Hon. Anna Judge Veters Levy, a judge of the Juvenile Court for the Parish of Orleans, to grant him an appeal from an order directing him to pay alimony of $10 a week for the support of his minor daughter was denied, applied to and was granted by this court a writ of certiorari directed to the judges of the Criminal District and the Juvenile courts ordering them to transmit the record in this proceeding to this court to the end that its validity might be ascertained and we also issued a rule for them to show cause why the relator should not be granted an appeal from the order complained of.

In response to this rule the respondent judges declared that under the decision of this court in the case of State v. Clark, 143 La. 481, 78 So. 742, an order to pay alimony is not a judgment within the meaning and contemplation of Section 96 of Article VII of the Constitution of 1921 from which an appeal will lie.

Counsel for the relator, on the other hand, contends that the decision in the Clark case was handed down in 1918, since which time the legislature of the State of Louisiana adopted its Act No. 126 of 1921, Ex.Sess., providing for proceedings in the Juvenile Court for the Parish of Orleans, as contemplated by Section 96 of Article VII of the Constitution of 1921, and therein stipulated that "Appeals shall lie on questions of law and of fact to the Criminal District Court from all judgments rendered by the Juvenile Court, but said appeals shall not suspend the judgments of said courts." (This provision was incorporated into the constitution itself by an amendment of 1938.) Consequently, that

the Clark case has no application to the issue involved here.

The defendant in the Clark case was prosecuted under the provisions of Act No. 34 of 1902, which act continued to be the law until it was specifically repealed in Act No. 43 of 1942 adopting the Criminal Code. The act of 1902 made it a misdemeanor to wilfully neglect to provide for a wife or minor child in necessitous circumstances but, as was pointed out in the case of State v. Walter, 170 La. 677, 129 So. 127, "The statute provides also that the judge may, instead of imposing a penalty, or in addition thereto, order the defendant to pay his wife a certain sum weekly for the period of one year, and may release him from custody on probation, or on his own recognizance, or under bond. The statute provides further that, if the defendant has been ordered to pay a stipulated sum weekly for a year, the judge may, at any time during the year, on information and proof that the defendant 'has violated the terms of such order,' proceed to try him under the original indictment if he has not been tried, or to sentence him under the original conviction if he has been found guilty, as the case may be." But the court specifically called attention to the fact that such an order was unenforceable because the authority of the Juvenile Court was limited by the act, in the event the defendant at any time during the year failed to comply with the terms of the order, to trying the defendant under the original indictment, if he had not been tried, or by sentencing him under the original conviction, if he had been tried and found guilty, the judge being given no authority to find him guilty of contempt of court or to punish him for neglecting to comply with the order. See, also, State v. Fried, 152 La. 710, 715, 94 So. 327; and State v. Ebeier, 154 La. 347, 97 So. 473.

Under the present code (Criminal) when a parent is found guilty of intentionally failing to support a minor child, he shall be fined not more than $500 or imprisoned for not more than a year, or both (Article 74), but under Article 75 the court is authorized, instead of imposing this punishment, "or in addition thereto, the court, in its discretion, having regard to the circumstances and financial ability of the defendant, shall have the power to issue an order directing the defendant to pay a certain sum weekly or at such periods as the court may direct * * * and with authority to require the defendant to enter into a recognizance, with or without surety, as the court shall direct, in order to insure the payment of the alimony." And in the event the defendant should violate the terms of such an order at any time, the defendant may be held in contempt of court and if the court "shall find that the accused has been guilty of contempt by failing to comply with the judgment and orders of the court in paying the alimony assessed * * * the court shall have the power to compel the defendant to pay a fine of not less than twenty-five dollars, or in default of payment of said fine, to suffer imprisonment for not more than thirty days; or the court may fine the defendant the total amount of due and unpaid alimony and order same to be paid to the wife, or to the tutor or custodian of the minor child * * * within a period of time fixed by the court

* * *; and in default of paying the total amount of back alimony which the court has fined the defendant for·his own contempt of the judgment and orders of said court, the court shall have the right to commit the accused to imprisonment for not more than one year."

Obviously an order directing a defendant to pay more than he is financially able to pay would not only be in direct violation of the language of the act, but would defeat its purpose, for the very object of our lawmakers in adopting Article 75 of the Criminal Code was to coerce a husband to support his wife and a parent his child in destitute or necessitous circumstances within his ability to pay and inasmuch as such an order may be in addition to the punishment provided in Article 74 and the court is given full power to enforce such an order an appeal does lie therefrom within the meaning and contemplation of Section 96 of Article VII of the Constitution of 1921.

The defendant could not decline to pay the amount ordered by the Juvenile Court, as he could have done under the act of 1902, without subjecting himself to being held in contempt of court. The fact that he has a right to go into the court from time to time, as the circumstances may warrant, and ask for a decrease in the alimony, does not alter the situation, for the court could arbitrarily decline to reduce this amount and he would have no relief whatever from such action.

The relator is here complaining of his inability to pay the amount fixed by the Juvenile Court and he sought to have this sum reduced when, in a motion for a rehearing filed in that court, he called the court's attention to the fact that he is under the constant care of a physician for asthma, which necessarily limits his earning capacity to provision of the bare necessities of life for himself and wife, and, further, that his daughter does not require this amount for her support since she lives with her mother, who has also remarried. The court, and it may be for a good reason, refused this request. But this should not deprive him of his constitutional right to have the entire matter reviewed by the Criminal District Court for the Parish of Orleans on both *the law and the facts,* particularly since under the very constitutional provision that gives him his right to the appeal, he is required to comply with the order of the Juvenile Court during the pendency of this appeal and until it may be changed.

For the reasons assigned it is ordered, adjudged, and decreed that the rule nisi issued by this court is now made absolute, and accordingly the Judge of the Juvenile Court is directed to grant the relator an appeal to the Criminal District Court, from the order directing him to pay alimony at the rate of $10 per week, which appeal shall not suspend the order to pay alimony.

PONDER, J., takes no part.