McCALEB, Justice.
Appellant, a Negro resident of Donald-sonville, was charged with violating Article 74 of the Criminal Code (R.S. 14:74) in that he wilfully neglected to provide for the support of his six minor children. After a trial in the Juvenile Court for the Parish of Orleans, he was found guilty but, instead of imposing the sentence provided by R.S. 14:74, the judge, acting under the authority of R.S. 14:75, ordered appellant to pay alimony of $20 every two weeks for the support of his children. An appeal was taken from the judgment and the case has been submitted for our decision.
The State suggests in its brief that the appeal is premature because an order to pay alimony under R.S. 14:75, being subject to change, is not a sentence or final judgment. It is said that, since a prosecution in the Juvenile Court against a parent for non-support is a criminal case,[1] the appeal must be dismissed in view of Article 540 of the Code of Criminal Procedure (R.S. 15:540) which declares that no appeal lies from any ruling or order *11 which does not finally dispose of the case. State v. Mioton, 112 La. 180, 36 So. 314; State v. Gersdorf, 124 La. 547, 50 So. 528; State v. Boettner, 127 La. 253, 53 So. 555 and State v. Clark, 143 La. 481, 78 So. 742, are cited in support of this position.
The argument cannot be sustained. In State v. Rome, 205 La. 1071, 18 So.2d 625, it was held that an order of a juvenile court directing a defendant to pay alimony in a prosecution under R.S. 14:74 for willful neglect to provide support for his minor child is an appealable judgment. In reaching this decision, the Court discussed all the cases relied on herein by the State and found them to be distinguishable because those matters arose under Act 34 of 1902, which did not contain a penalty clause for violation by the defendant of the alimony order. It was- pointed out that the 1902 Act had been repealed in 1942 by the Criminal Code and that, since Section 75 thereof had vested the judge with full power to enforce an alimony order by punishing the defendant for contempt in case of noncompliance, an appeal from such order was within the contemplation of the provisions of Section 96 of Article 7 of the Constitution.
At the time the Rome .case was decided, Section 96 of Article 7 of the Constitution of 1921 provided that appeals from the Juvenile Court for the Parish of Orleans, in cases of desertion and non-support of children by their parents or wives by their husbands “ * * * shall lie on questions of law and of fact to the Criminal District Court * * * By Act 322 of 1944, Section 96 of Article 7 was amended to change the appellate jurisdiction of proceedings in said Juvenile Court from the Criminal District Court tó this Court and provided that the appeals would lie on questions of law and fact.[2] Another change with respect to our review of facts in certain appealable cases from this Juvenile Court was effected in 1948 when Section 96 of Article 7 was again amended by Act 513 of 1948. This amendment provided, in part:
“Appeals shall lie to the Supreme Court of the State of Louisiana from all final judgments rendered by the Juvenile Court. An appeal shall lie on questions of law and of fact when the judgment of the court affects the custody, care and control of children under seventeen years of age, * * *. An appeal also shall lie on questions of law and of fact in adoption proceedings. In all other cases an appeal shall lie'on questions of law alone.”
Accordingly, at the time this appeal was taken and perfected (May 5, 1960), this Court was vested with appellate jurisdiction[3] but, as we shall hereinafter show, our review is limited to questions of law.
The only specification set forth by counsel for appellant in the brief filed in this Court is that the district judge erred in holding that appellant is financially able to pay $20 every two weeks for the support and upkeep of his, six minor children. The appeal therefore presents solely a question of fact.
Factual questions may not be .reviewed by this Court under the appellate jurisdiction *12 it had under Section 96 -of Article 7 of the Constitution. ' The only cases from the Juvenile Court in which an appeal was cognizable here on both questions of law and fact under Section 96 were those involving the custody, care and control of children and in adoption proceedings. As this is a criminal prosecution, which is not included within the classes of cases above mentioned (State v. Tanner, supra and State v. Ponthieaux, 232 La. 121, 94 So.2d 3) we have no jurisdiction to review questions of fact but must take the facts as found by the trial judge. In re Baurens, 117 La. 136, 41 So. 442; State v. Clark, 144 La. 328, 80 So. 578. The judge found as a fact that appellant was able to supply the $20 bi-weekly alimony and there appears in the record some proof to support this ruling, the sufficiency of which we are without right to consider. State v. Matassa, 222 La. 363, 62 So.2d 609.
The judgment appealed from is affirmed.
HAMITER, J., concurs in the result.
HAWTHORNE, J., concurs in the decree.

. See State v. Barilleau, 128 La. 1033, 55 So. 664; State v. Clark, 144 La. 328, 80 So. 578 and State v. Tanner, 224 La. 374, 69 So.2d 505.

. See State v. Le Blanc, 213 La. 404, 34 So.2d 905 and State v. Saibold, 213 La. 415, 34 So.2d 909.

. The change in the appellate jurisdiction of this Court effected by the adoption of Act 561 of 1958 amending several sections of Article 7 of the Constitution, which became operative on July 1, 1960, undoubtedly divested this Court of the special appellate jurisdiction over the particular classes of cases which had been conferred on it by separate provisions of the Constitution, like Section 96 of Article 7, which were not otherwise included in our general appellate jurisdiction defined by Section 10 of Article 7 of the Constitution. That Section, as recently amended by Act 561 of 1958, declares: “The following cases only shall be appealable to the Supreme Court * * * ” and thereunder sets forth five classes of matters to which the appellate jurisdiction of this Court has been restricted. This ease does not come within any of the five categories enumerated therein.