## No. 12,324.

### THE STATE OF LOUISIANA VS. JAMES J. SULLIVAN.

When a party was entrusted by another with property in one parish of the State to be there returned, but instead of so returning the property so received in trust, the party conceived in that parish the intention of fraudulently appropriating the same to his own use, and in furtherance of that intention took the property to another parish in the State for the purpose of there unlawfully and fraudulently selling or disposing of the same, and did there and then fraudulently dispose of the property and appropriate same to his own use, such party is legally subject to indictment for embezzlement in the parish where he receives and was entrusted with the property.

APPEAL from the Twentieth Judicial District Court for the Parish of Ascension. *Guion, J.*

*M. J. Cunningham,* Attorney General, and *G. A. Gondran,* District Attorney, for Plaintiff, Appellee.

*R. McCulloh* for Defendant, Appellant.

Argued and submitted December 5, 1896.
Opinion handed down December 14, 1896.
Rehearing refused January 18, 1897.

The opinion of the court was delivered by

NICHOLLS, C. J.  The indictment in this case charges that the defendant, "on the fifteenth day of September, one thousand eight

hundred and ninety-six, with force and arms, in the parish of Ascension, and within the jurisdiction of the Twentieth Judicial District Court of the State of Louisiana, being then and there a trustee of Henry O. Maher, Jr., did then in his fiduciary capacity, fraudulently, wrongfully and feloniously use, conceal and otherwise embezzle a gold watch of the value of one hundred dollars, a gold chain of the the value of forty dollars, a gold locket of the value of ten dollars, the whole valued at one hundred and fifty dollars, the lawful property of said H. O. Maher, Jr., which had been there entrusted to his care, keeping and possession by the said H. O. Maher, Jr., with the felonious intent to convert the same to his own use and benefit, and to deprive the said H. O. Maher, Jr., of his lawful property." The only matter called to our attention by counsel of defendant is contained in a bill of exceptions, in which it is recited "that on the trial of the cause the State attempted to show that the watch which accused is charged in the information with having embezzled was pledged in the city of New Orleans by accused to a pawnbroker; and that to any and all evidence of any use made in the city of New Orleans of said watch, by said accused, defendant objected on the ground that the same was inadmissible under the information which charges the accused with having wrongfully converted said watch to his own use in the parish of Ascension—that the court overruled said objection, on the ground that should the State produce evidence to show that accused had formed the intention of converting the watch to his own use in the parish of Ascension and pursuant to said intention so formed in said parish had gone to the city of New Orleans and there pawned said watch, accused could be, under the law prosecuted either in said city or in said parish; that said evidence was, therefore, admissible; that he would charge the jury that unless they found from the evidence that accused had formed the intent to convert said watch in the said parish, they must discharge the said Sullivan;" that to this ruling defendant excepted and reserved a bill of exceptions.

Appended to the bill is the following statement of the judge: "As stated in the foregoing bill of exceptions, I allowed the State to show the fact that the property alleged to have been embezzled by defendant was pawned by him in the city of New Orleans, but I stated at the time that I would charge the jury that unless the accused had wrongfully appropriated the property in Ascension,

parish, and had conceived the idea of converting it to his own use in said parish, they could not convict him, and I did so charge the jury, and expressly stated to them that if accused had only conceived the idea of appropriating the property in the city of New Orleans, he could not be convicted in Ascension parish." The accused was found guilty by the jury and sentenced to one year's imprisonment at hard labor in the penitentiary. He appealed.

No objection appears to have been made to the indictment, nor to the charge given by the court. No plea to the jurisdiction of the court was entered. Defendant went to trial without objection. The case comes to us on an objection by defendant to the reception of evidence under the recitals of the information. Defendant's complaint is, that under the allegations of the information it was not competent for the court to allow testimony to show that the watch charged to have been embezzled was pawned in the city of New Orleans. He made no motion to strike out the evidence. (See Rice on Criminal Evidence, Vol. 3, Secs. 256 *et seq.*). He made no attempt to make use of the fact complained of, for a new trial.

In the brief filed in behalf of the defendant we understand his counsel to maintain that as the " possession " of the jewelry had been given to defendant by the owner, and his original possession was lawful—he continued to hold the same lawfully until actual conversion. That even if he conceived in the parish of Ascension the idea of disposing of the goods in the city of New Orleans, and left that parish, taking the goods with him for the purpose of there accomplishing his design, he was guilty of no crime when he crossed the parish line. That he still held them lawfully in possession, and the mere "intent to commit" did not change the character of the possession; and that when the intent to convert became coupled with the fact of conversion, then, for the first time, was there a crime committed, and that conversion took place in New Orleans.

The case comes before us with a judgment of the District Court for the parish of Ascension based upon the verdict of a jury convicting defendant of embezzlement, charged to have been committed in the parish of Ascension. Upon what particular evidence, or on what precise theory of the law the jury acted in finding the verdict, we can not say with any certainty. If the act of appropriation or disposal, by defendant, of the property took place in the city of New Orleans, as defendant intimates that it did, we only come to a

knowledge of that fact inferentially through reference made by counsel and the court to the admission of the testimony against the reception of which he argued and still complains. We understand him to say that but for that evidence there would have been nothing before the jury to show unlawful appropriation or conversion, and that the jury would, but for this, have been forced to acquit him. Of the correctness of that proposition, we are not advised. We know nothing of what occurred between defendant and Maher in the parish of Ascension before defendant pawned the watch in New Orleans, nor do we know anything of what occurred in that parish afterward. (State vs. Foster, 8 An. 292.) We would infer from the judge's charge, followed as it was by the verdict, that matters had occurred in Ascension parish of a character such as to warrant the verdict independently of the act of pawning in New Orleans. That act may have been only offered as " evidence " and cumulative evidence of a prior embezzlement, and may have been very properly admitted to show intent.

Defendant was indicted under Section 905 of the Revised Statutes, which declares that " any servant, clerk, broker, agent, consignee, trustee, attorney, mandatory, depository, common carrier, bailee, curator, testamentary executor, administrator, tutor or any person holding any office or trust under the executive or judicial authority of this State, or in the service of any public or private corporation or company, who shall wrongfully use, dispose of, conceal or otherwise embezzle any money, bill, etc., * * * shall suffer imprisonment," etc.

The term ." embezzle," used in the statute, is one which has a well recognized and accepted common meaning, as much so as the word to " burn " or to " carry away." (See Bishop's Criminal Proceedings, Section 322.)

Webster defines it as " to appropriate fraudulently to one's own use, as that entrusted to one's care; to apply to one's private use by a breach of trust as to embezzle public money." It has received frequent judicial construction. It is a broader term than larceny under our law, but is not exclusive of it, as counsel contends. (See State vs. Wolff, 34 An. 1154.)

It is not of the essence of the " commission" of the crime of embezzlement (if committed within the State), that all of the elements of the crime should be consummated in the same parish

though the question, as to where the crime was committed affects the jurisdiction of the court in which the accused may be brought to trial.

Defendant's contention that the place of an ultimate unlawful sale or pawning of property by a person holding the same through fiduciary relations with the owner is the only test and criterion of the place where embezzlement of that property was effected, and that antecedent acts by him, in other localities, are to be taken and considered as merely acts leading up to an embezzlement there, is not, in our opinion, sound.

Though defendant does not present this case specifically as one involving the jurisdiction of the District Court of the parish of Ascension over the trial of this cause, we think it may be well to say, that if that question arose it sprung entirely from the evidence on the trial of the case, and not from the averments of the indictment or from defendant's pleadings.

We are of the opinion that if the jewelry received by the defendant and entrusted to him by H. O. Maher was received in the parish of Ascension, to be there returned, but that instead of doing so defendant conceived, in that parish, the intention of fraudulently appropriating the same to his own use, and in furtherance of that intention he took the same to the city of New Orleans for the purpose of there unlawfully and fraudulently selling or disposing of the same, and that he did there fraudulently sell and dispose of the same and appropriate the same to his own use, he was legally subject to indictment in the parish of Ascension for embezzlement. (See American and English Encyclopædia of Law, Vol. 6, *verbo* Embezzlement, 35 Ohio, page —.

For the reasons herein assigned the judgment appealed from is affirmed.