Statement of the Case.
MONROE, J.
Relator invokes the supervisory jurisdiction of this court, on the ground that the judgment of which he complains is unappealable, and that he is, otherwise, without remedy. And he alleges, in substance, that he was charged before the district court for the parish of St. Bernard, under Act No. 34, p. 42, of 1902, with failure to provide for his wife and child; that he (1) pleaded to the jurisdiction of the court, on the ground that his wife and child reside in the parish of Orleans, which parish was, therefore, the situs of the alleged offense, and that the plea was overruled; that he then (2) presented a plea of autre fois convict, on the ground that he had previously been convicted of the same offense and had complied with the sentence imposed on him, which was also overruled; that he was then tried and convicted, and was sentenced to pay $20 per month for the support of his wife and child and to furnish bond to secure compliance with the sentence (3) though it was shown on the trial that he was, and is, earning -but $15 a month, together with the use of a house to reside in and the provisions required by him; and that (4) he “thereupon” filed a motion in arrest of judgment, alleging that his conviction should be set aside, on the ground that he had sued his wife for separation from bed and board, for abandonment, and that she had been summoned and condemned to return to the matrimonial domicile, and that it had been shown that he was willing there to receive and support her, according to his means, and that she had failed and refused to return, but that the motion had been overruled, wherefore he prays for the writs of certiorari and prohibition, etc.
It appears from the return of the trial judge, and the record made part thereof, that the matrimonial domicile is in the parish of St. Bernard, but that relator’s wife had been compelled by the cruelty of her husband to find shelter, with her child, at the residence of her father, in the parish of Orleans ; that relator had been convicted, in 1904, of failing to provide for their support and sentenced to pay $20 per month, in that behalf, for one year, and that he had complied with the sentence, but that he had been charged with, thereafter, failing to make such provision, and “that the only fact which is the same in both cases is her [the wife’s] reason for not returning to her husband,” which is, the cruel treatment received by her at his hands, prior to her being forced to leave her home; that, in substance, relator is in receipt of an income sufficient to warrant the sentence imposed; and that, in the suit for separation, there has been rendered a final judgment, rejecting relator’s demand, from which an appeal is now pending in this (Supreme) Court.
Opinion.
1. It is the duty of the husband and father to provide for the support of his wife and minor children, in necessitous circum *139 stances, at the matrimonial domicile, and that obligation is not discharged if, by reason of his cruel treatment, the wife is compelled to find shelter, with her minor children, at the house of her father in a neighboring parish, nor does any change of venue, as to the offense of neglecting to provide, etc., denounced by Act No. 34, p. 42, of 1902, result from that circumstance.
2. Act No. 34, p. 42, of 1902, in denouncing as an offense, the neglect of a person to provide for the support of his wife and minor children, in necessitous circumstances, and in providing the penalty of a fine not exceeding $100, or imprisonment not exceeding one year, or both, and in further providing “that, before trial (with the consent of the defendant) or after conviction, instead of imposing the punishment hereinbefore provided, or, in addition thereto, the court, in its discretion, having regard to the circumstances and financial ability of the defendant, shall have power to pass an order, which shall be subject to change by it, from time to time, as circumstances may require, directing the defendant to pay1 a certain sum weekly for the space of one year, to the wife, and to release the defendant from custody, on probation, for the space of one year, upon his entering into a recognizance, with or without surety, in such sum as the court shall direct,” contemplates that a man shall, at all times, provide for the support of his wife and minor children, in necessitous circumstances. And his neglect to do so, during a period of time not covered by a conviction already secured, is a distinct offense to which the plea of autre fois convict, predicated upon the prior conviction, is not good.
3. This court is without authority, whether in the exercise of its supervisory jurisdiction, or otherwise, to review the findings of an inferior court, in a criminal prosecution, upon a question of fact, and hence will not undertake, such review, where, in the prosecution under Act No. 34, p. 42, of 1902, the trial judge has found that the “circumstances and financial ability of the defendant” are such as to warrant his being condemned to pay a certain amount for the support of his wife and minor child.
4.The pendency, on appeal, of an action, by the husband, for separation from bed and board, can have no effect in the matter of the execution of a sentence imposed on him in a criminal prosecution for neglect to provide for the support of his wife, and, a fortiori, is this true, when, by the judgment appealed from, the demand for separation was rejected.
For these reasons, it is ordered, adjudged, and decreed that the preliminary orders herein made be rescinded, and that relators demand be rejected, and this proceeding dismissed, at his costs.