(83 South. 189)

No. 23675.

STATE v. SMITH.

In re SMITH.

(Nov. 3, 1919.)

(Syllabus by Editorial Staff.)

1. DOMICILE ☞5—OF WIFE AND CHILD FOLLOWS THAT OF HUSBAND.

Though a wife refused to go to another parish with her husband before the birth of her child, or during its life, the domicile of the wife and child followed the husband and father into the other parish.

2. CRIMINAL LAW ☞108(1) — PARENT AND CHILD ☞17(1)—MINORS; VENUE; PUNISHMENT OF FATHER FOR NONSUPPORT.

A father's obligation is only to support his child at his domicile, and he can be prosecuted for nonsupport only in that parish, though the child and its mother had remained in the parish of their former domicile.

3. INFANTS ☞16 — MINORS; JUVENILE COURTS; QUESTION OF FACT NOT PERTAINING TO MERITS REVIEWABLE.

Const. art. 118, allowing appeals from the juvenile court on questions of law only, does not apply to a question of fact not pertaining to the merits of the case on which the judge has based a ruling.

4. INFANTS ☞16 — MINORS; JUVENILE COURTS; DOMICILE AS QUESTION OF LAW.

Where the facts are undisputed, the question of domicile of defendant, as determining jurisdiction of juvenile court to prosecute for nonsupport, is one of law, reviewable on appeal.

S. N. Smith was convicted of neglecting to support his minor child, and he applies for certiorari and prohibition. Writs granted, judgment annulled, and prosecution dismissed.

Lewis L. Morgan, of Covington, for applicant.

A. V. Coco, Atty. Gen., Chandler C. Luzenberg, Dist. Atty., and Eugene Stanley, Asst. Dist. Atty., both of New Orleans (H. P. Sneed, of New Orleans, of counsel), for the State.

O'NIELL, J. The defendant, relator in this proceeding, was prosecuted in the juvenile court for the parish of Orleans, on a bill of information charging that he had willfully neglected to provide for the support of his minor child, in violation of the Act No. 34 of 1902. He filed a plea to the jurisdiction of the court, alleging that his matrimonial domicile was and had always been in the parish of St. Tammany, and that, if he was guilty of the charge brought against him, the prosecution was not within the jurisdiction of the juvenile court for the parish of Orleans, but within the jurisdiction of the Twenty-Sixth judicial district court in and for the parish of St. Tammany.

Having heard evidence on the plea, the court overruled it, and defendant reserved a bill of exceptions. The judge then heard evidence on the merits of the case, found defendant guilty, and condemned him to pay $5 a week for the support of the child, who was ordered to remain with the mother. Thereupon counsel for defendant, giving no-

tice to the court and to the district attorney, made application for writs of certiorari and prohibition. The only question presented is whether the juvenile court for the parish of Orleans had jurisdiction of the case.

The facts proven on the trial of the plea to the jurisdiction are not disputed. Defendant was, at the time of the trial, and had been continuously for 11 years, a resident of the town of Slidell, in the parish of St. Tammany, La., where he was engaged in business as a dry goods merchant. He was married in New Orleans in the latter part of the year 1915, and, after remaining in that city about four weeks, he and his wife took up their residence in Slidell. Having resided there three or four months, the wife suggested their going into business in New Orleans. He opened a small establishment or shop in New Orleans, where his wife took up her residence and attended to the business, while he continued managing the business in Slidell, going to New Orleans at intervals of five or six days. The shop in New Orleans was not a success, and, within a year from the date of its opening, defendant gave it up, returned to his home and business in Slidell, and requested his wife to return and live there. She declined, saying that the water there did not agree with her, and that the class of citizens was not of her choice; the fact, however, being that she had, for some reason not disclosed by the record, lost all affection for her husband. In the meantime the child was born in New Orleans, and had remained there with the mother continuously to the time of the trial of this case, when the child was nearly three years of age.

Having tried and failed to persuade his wife to return to the matrimonial domicile in Slidell, defendant brought suit against her in the district court in St. Tammany parish for a separation from bed and board. Whereupon the wife instituted this prosecution, by affidavit in the juvenile court in New Orleans, charging her husband with failing and neglecting to support the child.

[1] Although the wife resided in New Orleans continuously from a date previous to the birth of her child, and although the child remained there with her from the date of birth, they did not acquire a domicile in that city. Their domicile was that of the husband and father, in the parish of St. Tammany.

[2] The fact that the wife and child were in the parish of Orleans did not give the juvenile court of that parish jurisdiction of the prosecution of the husband for neglecting to provide for the support of either of them. The place where he owed the duty of providing for their support was at his and their domicile, in the parish of St. Tammany. It was the wife's duty to return with her child to the matrimonial domicile. Granting, for the sake of argument, that her failure in that respect did not relieve the husband of his obligation to provide for the support of the child, the only court in which he should be prosecuted for failing to perform his duty is the court having jurisdiction at the place where he owed the duty.

The judge of the juvenile court cites, in support of his ruling, the decision in State v. Fick, 140 La. 1063, 74 South. 554, with which decision, however, the ruling made in this case is not consistent. In the case cited, the court quoted with approval the decision in State v. Baurens, 117 La. 136, 41 South. 442, to the effect that the venue of the crime of neglecting to support a wife or minor child in necessitous circumstances was at the matrimonial domicile, or at the place of residence of the accused husband or father, even though the wife had been compelled, by the cruel treatment on the part of the husband, to take up a residence elsewhere.

[3] It is argued by the district attorney that the question presented is one of fact, of which this court has not jurisdiction. The argument rests upon the provision, in article

118 of the Constitution, that appeals from the juvenile court shall be allowed upon matters of law only. That means merely that, as in all criminal cases, we shall not have jurisdiction of a question of fact pertaining to the question of guilt or innocence, or to the merits of the case. It does not apply to a question of fact, upon which the trial judge has based a ruling, not pertaining to the question of guilt or innocence, or to the merits of the case.

[4] The question presented in this case, however, is one of law, predicated upon a state of facts as to which there is no dispute.

Our conclusion is that the court that has jurisdiction of the prosecution is the district court for the parish of St. Tammany, the parish in which the defendant has his domicile, and not the juvenile court for the parish of Orleans.

The judgment appealed from is annulled, and it is ordered that the prosecution in the juvenile court for the parish of Orleans be dismissed.