MONROE, C. J.
Defendant having been indicted in the district court for the parish of St. Tammany for desertion and nonsupport of his wife, alleged to have been committed in that parish, entered a plea' of “not guilty,” but was thereafter allowed to file a motion to quash, in which he averred that the court was without jurisdiction ratione personas, by reason of the fact that the offense, as charged, was committed in the parish of Orleans, where he resides and has always resided, which motion having been overruled, the charge of desertion was abandoned, and he was convicted upon the charge of nonsupport, whereupon he filed a motion in arrest of judgment, upon the same ground as the other, which was also overruled, and he was sentenced to make certain payments to his wife, or pay a fine of $100 and costs, or suffer imprisonment for 90 days; and, from that sentence, he was allowed an appeal to this court, but, as the case was not appealable to this court, he gave notice of his intention, and applied for the writs of certiorari and prohibition, and the matter has been brought up in that form.
Considering the testimony taken upon the hearing of the motion to quash, we find no reason to doubt that, when indicted, and when tried, defendant was residing in the parish of St. Tammany, and no reason to believe that he had any definite intention of returning to New Orleans. The charge of desertion having been abandoned, the willful nonsupport, of which he was convicted, is a continuing offense, for which he is subject to repeated prosecutions so long as it continues to be committed in this state, and it so continues while defendant and his wife continue to reside in this state and his nonsupport of her continues, though he may reside in one parish and she in another; the court of the parish in which he resides being vested with jurisdictions of the prosecutions.
Whether he could be successfully prosecuted if she should remove beyond the confines of the state is a question upon which we express no opinion. In re Baurens, 117 La. 136, 41 South. 442; State v. Fick, 140 La. 1063, 74 South. 554; State v. Clark, 144 La. 328, 80 South. 578.
This application is therefore dismissed at the cost of the applicant.