(132 So. 501)

**STATE v. HOPKINS.**
No. 31020.

Feb. 2, 1931.

[1] Ante, p. 893.

Mouton, DeBaillon & Davidson, of La Fayette, for relator.

John J. Robira, Dist. Atty., of Lake Charles, for appellee.

ST. PAUL, J.

On December 17, 1930, defendant was charged before the district court of Jefferson Davis parish, sitting as a juvenile court, with failure to support his minor child, Jerome B. Hopkins, from January 1, 1930, to date of affidavit.

Relator objected to the jurisdiction of the court on the ground that the courts of Jefferson Davis parish had no jurisdiction over him; for the reason that from January 1, 1930, to October 1, 1930, his domicile was in the state of Washington, and from October 1, 1930, to the date of the affidavit his domicile was in the parish of Lafayette in this state (although his child resided all that time with its mother in Jefferson Davis parish).

The trial judge maintained the objection of the relator so far as it applied to the time from October 1st to the date of the affidavit, following in that respect the decisions of this court holding that in cases of nonsupport of children, the offense by the father is committed at the place of his own domicile within the state, and not at the place of residence of the child. State v. Baurens, 117 La. 136, 41 So. 442; State v. Fick, 140 La. 1063, 74 So. 554; State v. Clark, 144 La. 328, 80 So. 578; State v. Smith, 145 La. 914, 83 So. 189; State v. Morel, 146 La. 6, 83 So. 318.

Accordingly, it is clear that if the relator has willfully failed to support his minor child from October 1, 1930, when he returned from

Washington and re-established his domicile in Lafayette parish, then the venue of his alleged offense is in the parish of Lafayette, wherein he may and should be tried.

However, we cannot agree with the trial judge that the court of Jefferson Davis parish, or any other court of this state, has any jurisdiction over that portion of the affidavit which charges as an offense the failure of relator to support his minor child from January 1st to October 1st, during which time relator was domiciled and resided in the state of Washington, although his wife and child then resided in this state.

During the time that relator resided and was domiciled out of the limits of the state, the state had no jurisdiction over him and could prescribe no rule of conduct for him. And since the state could provide no rule of conduct for him, it follows that he could not be guilty of any offense against it.

We think the exception to the jurisdiction of the trial court should have been maintained in full, and the relator discharged.

### Decree.

The writ of prohibition herein issued is therefore perpetuated, and it is now ordered that relator herein be discharged; without prejudice, however, to the right of the state to proceed against him in the parish of Lafayette for his nonsupport of his child since the re-establishment of his domicile in that parish.