197 So. 420

### STATE v. WELLS.

### No. 35822.

### June 28, 1940.

Eugene Stanley, Atty. Gen., and Harry Fuller, Dist. Atty., of Winnfield, for the State, plaintiff and appellant.

C. H. McCain, of Colfax, and Casimir D. Moss, of Winnfield, for defendant, appellee.

O'NIELL, Chief Justice.

This case and the case No. 35821, 197 So. 419, having the same title, and decided today, are companion cases. In this case the defendant was charged in three counts in a bill of information with the crime called misprision of felony. The statute which denounces the crime and on which the bill of information is founded is Section 856 of the Revised Statutes, which provides:

"Sec. 856. If any person having knowledge of the commission of any crime punishable with death, or imprisonment at hard labor, shall conceal and not disclose it to some committing magistrate or district attorney, on conviction he shall be fined not exceeding three hundred dollars, and imprisoned at hard labor or otherwise not exceeding twelve months, at the discretion of the court."

In the first count in the bill of information the defendant was accused of having knowledge of and concealing and not disclosing the commission of a felony in Grant Parish, in which this defendant is being prosecuted. In the second and third count he was accused of having knowledge of and concealing and not disclosing the commission of a felony in Caddo Parish.

The defendant in this case filed a motion to quash the bill of information on the ground that it was not alleged that the commission of the felonies referred to was not known by any committing magistrate or by the district attorney, or by any officer having authority to institute a prosecution. And the defendant moved to quash the second and third count in the bill of information on the further ground that the venue for this prosecution was in Caddo Parish, where the felonies which were alleged to have been concealed were alleged to have been committed. The judge overruled the motion to quash the first count and quashed the two other counts. The State is appealing from the ruling quashing the two counts. The question whether the judge was right or wrong in refusing to quash the first count in the bill of information is not before us now, because the defendant has not yet been tried.

The ruling complained of by the district attorney is supported by the decision rendered in State v. Graham, 190 La. 669, 182 So. 711, 714. In that case it

was held that the defendant was not subject to prosecution in Louisiana for having knowledge of and concealing and not disclosing, in this State, the commission of a murder that was alleged to have been committed in Mississippi. On the same principle, the venue for a prosecution for the crime of having knowledge of the commission of a felony and concealing and not disclosing it to some committing magistrate or district attorney is in the parish in which the felony is alleged to have been committed. If it were not so the person having such knowledge and failing to disclose it would be subject to prosecution in any and every parish in which he might happen to go while having and concealing his knowledge of the commission of the felony. The Constitution, in Article I, Section 9, requires that all trials shall take place in the parish in which the offense was committed. Hence the decision in the Graham case is as appropriate to this case as if the decision had had reference to two parishes, instead of having reference to two states. Here is what was said in the Graham case:

"Referring now to the bill of information in which the defendant is accused of misprision of felony, our opinion is that Section 856 of the Revised Statutes, which defines and denounces misprision of felony, —and on which this bill of information is founded,—has reference only to a concealment and failure to disclose the commission of a felony that was committed in Louisiana. The question whether a prosecution for misprision of felony may be instituted in a State other than the State in which the felony itself was committed never has been decided by this court, or by any other State court, as far as our research shows. The reason for the scarcity of judicial decisions on the subject of misprision of felony is that prosecutions for the offense have become almost obsolete. In Wharton's Criminal Law, 12th Edition, Vol. 1, p. 376, Sec. 289, it is said: 'Misprision, as a substantive offense, however, is practically obsolete.' The reason for that is that, in the modern acceptation of the term, misprision of felony is almost if not identically the same offense as that of an accessory after the fact. The federal statute on the subject is Section 146 of the Criminal Code, 18 U.S.C.A. § 251, which was originally enacted April 30, 1790 (1 Stat. 113, § 6), R.S.U.S. § 5390, and is very similar to Section 856 of the Revised Statutes of Louisiana. In the case of Bratton v. United States, 73 F.2d 795, the Circuit Court of Appeals, Tenth Circuit, made this observation (page 797): 'Section 146 was enacted April 30, 1790 (1 Stat. 113, § 6), and as far as the researches of court and counsel disclose, has been before the courts but twice in the 144 years of its life.' The decision in Bratton v. United States, supra, is authority for the proposition that the venue of the offense of misprision of felony, or concealment and failure to disclose the commission of a felony, is the place where the disclosure or report should be made; which we understand to mean the place where the felony was committed. On that subject the court said:

"'As far as the failure to disclose to federal authority is concerned, the venue is the place where the report should have

been made. Rumely v. McCarthy, 250 U. S. 283, 39 S.Ct. 483, 63 L.Ed. 983; United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897; United States v. Commerford [2 Cir.], 64 F.2d 28.' "

The district attorney in his brief quotes from the opinion in United States v. Angeline Lombardo, 241 U.S. 73, 77, 78, 36 S.Ct. 508, 510, 60 L.Ed. 897, 898, the following paragraph, which is to some extent appropriate to this case, viz.:

"It may be that where there is a general duty it may be considered as insistent both where the 'actor' is and the 'subject' is, to borrow the government's apt designations, as in the case of the duty of a father to support his children; and if the duty have criminal sanction, it may be enforced in either place. The principle is not applicable where there is a place explicitly designated by law, as in § 6." [This reference to § 6 means section 6 of the "white slave traffic act", 36 Stat. at L. 826, chap. 395, 18 U.S.C.A. § 402, requiring the filing of certain statements with the Commissioner General of Immigration, whose office is by law established at Washington, D. C.]

Apropos the illustration, "as in the case of the duty of a father to support his children", the venue for a prosecution for a violation of Act No. 34 of 1902 by neglect of a husband to support his wife, or by neglect of a father to support his child, is at the domicile of the husband or father, as the case may be, even though the wife or child may be elsewhere, the reason for the rule being that it is at the domicile of the husband or father that he owes the duty of supporting his wife and child. State v. Baurens, 117 La. 136, 41 So. 442; State v. Fick, 140 La. 1063, 74 So. 554; State v. Smith, 145 La. 913, 83 So. 189; State v. Morel, 146 La. 6, 83 So. 318; State v. Hopkins, 171 La. 919, 132 So. 501.

▮ The venue for the prosecution for any crime that consists of a failure to perform a duty imposed by law is in the place where the duty should be performed, unless there is a statute fixing the venue elsewhere. In a case of embezzlement of property received in trust in the parish in which it is to be returned, but disposed of in another parish, the venue is in the parish in which the property was to be returned. State v. Reonnals, 14 La.Ann. 278; State v. Sullivan, 49 La.Ann. 197, 21 So. 688; 62 Am.St. 644.

▮ And so, in a case of misprision of felony, the place where the person having knowledge of the commission of the felony is obliged to "disclose it to some committing magistrate or district attorney" is in the parish where the felony was committed, because in that parish only may the felon be prosecuted.

The judgment appealed from is affirmed.