444 So.2d 1204 (1984)
STATE of Louisiana
v.
Lennie RASH.
No. 82-KA-1937.
Supreme Court of Louisiana.
January 16, 1984.
Rehearing Denied February 15, 1984.
*1205 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Richard Chaffin, Asst. Dist. Attys., for plaintiff-appellee.
J. David Bourland, Baton Rouge, for defendant-appellant.
BLANCHE, Justice.
Defendant was indicted for aggravated rape and three counts of armed robbery, in violation of La.R.S. 14:42 and 14:64. Following a jury trial, defendant was found guilty on all counts and sentenced to life imprisonment on the rape charge and 30 years on each of the armed robbery charges. From these convictions, defendant appeals.

FACTS
Defendant's conviction arose from an incident occurring on February 1, 1979. Linda Spina, Jimmy O'Daniel, and Gary Ramsey, all juveniles, were walking alone in a neighborhood in East Baton Rouge Parish in the early evening, when they were approached by defendant and one Kenneth Million. The two men asked the young people if they were interested in buying some drugs or a handgun. The three refused and attempted to walk away. Defendant and Million followed them and proceeded to beat the two boys, then rob all three juveniles. At this point, defendant told Spina, the girl, that he would kill her and her friends if she did not remove her clothes and have sex with his companion. Spina testified that at this point, she saw the wooden handle of what appeared to be a revolver sticking out from defendant's waist. The boys were then escorted off by defendant, while Million remained behind and raped the girl. Afterwards, defendant returned to the scene, to find that Million had left with the girl. Thereafter, defendant told the boys to run. Eventually, O'Daniel and Ramsey were able to reach a phone and call a hospital. Ms. Spina ultimately found her way to a friend's home and reported the incident to the police the following morning. Million was tried and convicted of armed robbery and forcible rape. Rash was tried separately and found guilty of armed robbery and aggravated rape.

Assignment of Error No. 1
Defendant assigns as error the failure of the trial judge to grant a new trial based on the fact that the verdict was contrary to law and evidence. Defendant based his motion on the contention that he could not be found guilty of aggravated rape when his accomplice was only found guilty of forcible rape, a lower degree of the offense. In support of this proposition, defendant cites State v. McAllister, 366 So.2d 1340 (La.1978), which states: "One who aids and abets in the commission of the crime may be charged and convicted with a higher or lower degree of crime depending on the mental element (intent) proved at trial." 366 So.2d at 1343. Defendant maintains that where the mental element is not the differentiating factor between the greater and lesser offense, the McAllister rule does not apply.
We find that this argument lacks merit. To begin with, Louisiana has long since abolished the common law distinctions between principals and accessories before the fact. La.R.S. 14:24 defines a principal as "all persons concerned in the commission of a crime", including those who simply aid *1206 and abet in the crimes' commission. Defendant was charged with aiding and assisting Million to commit an aggravated rape on Linda Spinatherefore, he was a principal to the offense. As such, defendant was subject to conviction on the charge of aggravated rape or any lesser responsive verdict which the jury in its discretion may have found that the facts supported.
The fact that Million was convicted of only forcible rape had no bearing on defendant's trial or the findings of that particular jury. Defendant's principal concern was not what happened in the trial of a co-conspirator of the crime, but whether he received a fair trial and whether the elements of the crime for which he was charged were proven beyond a reasonable doubt. McAllister, from which defendant attempts to glean support, dealt with an indictment for murder after the defendant's accomplice had been convicted of manslaughter. In denying the motion to quash the indictment, we correctly observed that a fellow principal may be convicted in a separate trial of a greater offense than his accomplice, if all the elements of the greater offense are proved. In McAllister, the added element necessary to convict the second principal of murder instead of manslaughter was intent.
In the present case, defendant was convicted of aggravated rape instead of forcible rape. The added element found by the jury in defendant's trial was that the victim was prevented from resisting the rape because of threats of great bodily harm, coupled with the power of apparent execution. La.R.S. 14:42. For whatever reason, the jury which convicted Million found him guilty of only forcible rape. As a separate, independent trier of fact, the jury in defendant's trial were not bound by this prior jury's conclusions and were entitled to convict defendant of aggravated rape, provided the evidence offered was legally sufficient. Though it may produce occasional disconcerting inconsistencies, it is a sometimes unavoidable reality that different juries will reach different conclusions when confronted with virtually the same evidence. A co-offender's right to a jury trial does not include a guarantee he will not be found guilty of a greater offense than his collaborators.
This assignment of error lacks merit.

Assignment of Error No. 2
By this assignment, defendant maintains that the evidence adduced at trial was legally insufficient to convict him of armed robbery. Defendant urges that the State did not prove beyond a reasonable doubt that he was armed with a dangerous weapon.
The State did not introduce at trial the revolver which defendant possessed at the time of the robbery. The victims testified that defendant had a gun handle sticking out of his pants. One victim testified that he was knowledgeable about revolvers and recognized the gun when the defendant moved and his shirt pulled back. Further, all the victims testified that when defendant and Million initially approached them, they offered to sell the victims a .38 caliber revolver.
Under the sufficiency standard established by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), an appellate court must view the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found defendant guilty beyond a reasonable doubt. Considering the testimony of all three victims, we find that a jury could readily have concluded that defendant was armed with a dangerous weapon. Although the weapon was never actually withdrawn at the time of the robbery, the victim's testimony that defendant threatened to kill them, coupled with their observation of the gun protruding from defendant's clothing, sufficiently established that the robbery was committed with a dangerous weapon.
This assignment of error lacks merit.

Assignment of Error No. 3
In his last assignment, defendant urges that the evidence considered by the jury was legally insufficient to sustain a conviction of aggravated rape.
Defendant argues that the evidence does not establish that he ever intended for the *1207 victim to be raped, and that by leading the two boys around the block, he had somehow disassociated himself from the rape. Further, defendant contends that his involvement with the offense was only shown by circumstantial evidence; and accordingly, every reasonable hypothesis of innocence must be excluded.
We find no merit in defendant's contentions. As we have explained earlier, by performing any act tending to aid or abet the crime, defendant became a principal to the offense. In order for the jury to have found defendant guilty as a principal to the aggravated rape of Ms. Spina, the jury would have to find that defendant aided or abetted in the rape, "where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution..." La.R.S. 14:42. Linda Spina testified that the defendant threatened to kill her and her two friends if she did not consent to have sex with Million. Her testimony that defendant concealed a revolver in his clothing provided the jury with evidence that defendant's threats were accompanied by apparent power of execution.
In evaluating the sufficiency of the evidence, we must apply the Jackson test of reasonable doubt. Defendant's suggestion that the only evidence of defendant's involvement is circumstantial is incorrect. Had defendant remained mute and left the scene before the rape, the state may have had to rely on circumstantial evidence. In fact, the jury heard the victim's direct testimony that defendant threatened to kill her unless she submitted to a sexual act with his accomplice. Viewing the evidence in a light most favorable to the prosecution, we find that the jury could have found defendant guilty of aggravated rape beyond a reasonable doubt.
This assignment of error is without merit.

DECREE
For the reasons assigned, the conviction and sentence of defendant, Lennie Rash, are affirmed.
AFFIRMED.