702 So.2d 1121 (1997)
STATE of Louisiana
v.
Emile HAWKINS.
No. CR97-726.
Court of Appeal of Louisiana, Third Circuit.
October 29, 1997.
*1122 Michael Cade Cassidy, District Attorney, Jennings, for State.
Paula C. Marx, Lafayette, for Emile "Poo" Hawkins.
Before SAUNDERS, PETERS and AMY, JJ.
PETERS, Judge.
The defendant, Emile Hawkins, appeals his conviction on two counts of possession of a firearm by a convicted felon, violations of La.R.S. 14:95.1. For the following reasons, we affirm the convictions and sentences on both counts.
The defendant was initially charged by bill of information with four separate violations of La.R.S. 14:95.1. He subsequently filed a motion to sever the charges pursuant to La. Code Crim.P. art. 495.1. At a hearing on that motion, the state voluntarily severed the third and fourth counts, but the trial court denied the defendant's motion to sever the other two. A jury trial on the remaining counts commenced on November 20, 1996, and the jury returned guilty verdicts on both counts. The trial court sentenced the defendant to serve twelve years at hard labor on each count, with the sentences to run consecutively.
In appealing his conviction, the defendant asserts four assignments of error:
1. The verdict fails to meet the legal standard for sufficiency of evidence.

*1123 2. The trial court erred in denying defendant's Motion for Severance.
3. The verdict convicting the defendant of both counts violates the prohibition against multiple prosecutions for a continuing offense.
4. Evidence of the defendant's prior conviction for aggravated battery unfairly taxed the jury's capacity to hold the state to its burden of proof beyond a reasonable doubt on the charges before the jury.

Assignment of Error No. 1.
In reviewing a claim that the evidence is insufficient for a conviction, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational juror could have found that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983).
In the case before us, the defendant had previously been convicted of aggravated battery, a crime of violence. See La.R.S. 14:34; La.R.S. 14:2(13)(e). The crime of possession of a firearm by a convicted felon is defined in La.R.S. 14:95.1, which provides in pertinent part:
A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(13) which is a felony... to possess a firearm or carry a concealed weapon.
....
C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1) The provisions of this Section prohibiting the possession of firearms ... by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
Thus, in order to convict the defendant of the charged offense, the state had to prove beyond a reasonable doubt that (1) the defendant had previously been convicted of aggravated battery, (2) the statutory ten-year time limitation had not run, (3) he possessed a firearm, and (4) he had the general intent to commit the offense. See State v. Tatum, 27,301 (La.App. 2 Cir. 9/27/95); 661 So.2d 657. The defendant does not dispute that he was convicted of aggravated battery on September 25, 1990. Thus, this assignment addresses only the sufficiency of the evidence presented to prove the third and fourth elements.
At trial, the state introduced the testimony of Shaunta Hurt, Murphyetta Hurt, and Jared Smiley, all of whom testified that they witnessed the defendant in possession of a firearm on February 11, 1996, and again on February 15, 1996. Shaunta testified that she was the defendant's former girlfriend and that on February 11, 1996, at approximately 12:00 a.m., she, Murphyetta, and Jared were parked in the parking lot of Adrian Jay's club in Jennings, Louisiana, when the defendant walked up to the vehicle in which she was sitting and asked her to exit the vehicle. According to her testimony, when she refused, the defendant walked back to the side of the vehicle, pulled a handgun from his pocket, and fired it three to four times in the air.
Shaunta also testified that a similar incident occurred four days later at the same location. On that occasion, she and Murphyetta were in Adrian Jay's club when she noticed the defendant. She immediately left the club and asked Murphyetta to walk with her. As she left the club, she observed Nini Phillips pass in a van. According to Shaunta, she got Nini to stop and asked for a ride to her grandmother's house. She testified that after she entered the van, the defendant walked up behind the vehicle with his hand in his pocket. He continued across the street, and after he had crossed the street, he drew a handgun from his pocket and fired it.
Murphyetta, who is Shaunta's sister, testified that she was present on both occasions, and she confirmed Shaunta's testimony concerning the actions of the defendant and the presence of the handgun. Jared, who is Shaunta's brother, testified that he was the driver of the vehicle occupied by Shaunta *1124 and Murphyetta on February 11, 1996, and that he also witnessed the defendant in possession of the handgun and witnessed the defendant fire the shots described by Shaunta and Murphyetta. He also testified that he was present at Adrian Jay's establishment on February 15, 1996, and that he observed the defendant fire a handgun into the air across the street from the club. Father Scott Desormeaux, a catholic priest who resides a short distance from Adrian Jay's club, testified that on February 11, 1996, shortly before midnight, he heard four to five shots being fired and called 911 for assistance.
No weapon was recovered as a result of the criminal investigation. The defendant argues in his appellate brief that the state was required to produce the weapon and that since the state failed to do so, it failed to prove beyond a reasonable doubt that he was in possession of a firearm. At trial, the state showed the witnesses two pistolsa black-handled Taurus .38 and a starter pistolfor demonstrative purposes only. The defendant asserts that showing the unrelated .38 pistol was so prejudicial and suggestive that it should not have been allowed.
We find no error in the use of the .38 pistol for demonstrative purposes. All three eyewitnesses testified that it resembled the firearm possessed by the defendant at the time of the two instances. Additionally, the testimony of the eyewitnesses, without the firearm, is sufficient to sustain the defendant's conviction. See State v. Rash, 444 So.2d 1204 (La.1984); State v. Culverson, 26,874 (La.App. 2 Cir. 4/5/95); 653 So.2d 1261.
The defendant also points to numerous inconsistencies in the witnesses' testimony to argue that the state failed in its burden of proof. While we do recognize that certain inconsistencies exist in the testimony, all the eyewitnesses were consistent in their recollection that the defendant had a firearm in his possession on the dates of both offenses and that he actually fired the weapon. Applying the Jackson standard of review, we conclude that any rational juror could have found all of the essential elements of the crime of possession of a firearm by a convicted felon proven beyond a reasonable doubt for both February 11 and February 15, 1996. Thus, we find that this assignment of error lacks merit.

Assignment of Error No. 2.
In this assignment, the defendant argues that the trial court erred in denying his motion to sever the charges. Specifically, he complains that because each count involved different factual scenarios, their consolidation was simply used by the state to imply a criminal disposition on the part of the defendant.
In determining whether prejudice may result from joinder of multiple counts of criminal conduct, the trial court should consider whether the jury would be confused by the various counts; whether it would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition on the part of the defendant; and whether, considering the nature of the offenses, the charging of several crimes would make the jury hostile toward the defendant. State v. Allen, 95-1515 (La.App. 1 Cir. 6/28/96); 677 So.2d 709. Additionally, the defendant has a heavy burden of proof when he alleges prejudicial joinder of offenses. State v. Machon, 410 So.2d 1065 (La.1982). Motions for severance of offenses are addressed to the sound discretion of the trial court and should not be disturbed on appeal in the absence of an abuse of discretion. State v. Every, 96-185 (La.App. 5 Cir. 7/30/96); 678 So.2d 952.
There is no evidence in this case to suggest that the denial of the defendant's motion for severance resulted in the denial of a fair trial to the defendant. The facts associated with the crimes charged are relatively simple, and we do not find that the jury was confused by the joinder of the two counts or was unable to distinguish the evidence pertaining to both charges. Moreover, we do not find that the defendant was confounded in presenting his defenses to the charges, that the joinder would have been used by the jury to infer that the defendant had a criminal disposition, or that the joinder would have made the jury hostile toward him. The trial court instructed the jury to render a *1125 verdict on each count separately and that the evidence on one count could not be used to find the defendant guilty on the other count. There is no evidence that the jury did not follow these instructions. Accordingly, we find that the defendant has not satisfied his burden of proof on this issue, and this assignment of error is without merit.

Assignment of Error No. 3.
In this assignment, the defendant asserts that the verdict on the two separate counts violates the prohibition against multiple prosecutions for a continuing offense and that one of the counts should be reversed and dismissed as violative of the prohibition against double jeopardy. La.Code Crim.P. art. 596 provides in part:
Double jeopardy exists in a second trial only when the charge in that trial is:
....
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
The defendant contends that possession of a firearm is a continuous offense or a single course of conduct that warrants only a single punishment. In support of his argument, the defendant cites Official Revision Comment (d) to La.Code Crim.P. art. 596, which provides:
Clause (2) of the above Art. 596 is necessary to prevent multiple prosecutions for continuous offenses. For example, possession of stolen goods or narcotics may continue over a long period of time and may involve more than one object. Yet, obviously there should be only one prosecution for what is in effect one criminal course of conduct.
Additionally, the defendant cites United States v. Jones, 533 F.2d 1387 (6th Cir.1976), cert. denied, 431 U.S. 964, 97 S.Ct. 2919, 53 L.Ed.2d 1059 (1977), wherein the defendant was convicted by the trial court on three counts of violating a federal firearms statute because he possessed the same gun on three separate occasions. The federal appeals court reversed two of his three convictions, concluding that Jones had committed only one offense because of his continuous and uninterrupted possession of the same gun.
The first circuit commented on the holding in Jones in State v. Lindsey, 583 So.2d 1200 (La.App. 1 Cir.1991), writ denied, 590 So.2d 588 (La.1992), wherein a defendant was convicted of possession of a firearm by a convicted felon (based on his possession of a Colt .45 automatic on one day) and attempted possession of a firearm by a convicted felon (based on his possession of several guns that were found during a search of his bedroom on the next day). The first circuit found no violation of double jeopardy, distinguishing Jones and stating: "[W]e find that a convicted felon who possesses multiple firearms can be convicted and sentenced for each firearm in his possession." Id. at 1204. The court also stated: "In the instant case, had the defendant possessed only the Colt .45 automatic on both [days], Jones would be persuasive authority for the proposition that a double jeopardy violation exists." Id. at 1203.
In the case before us, the state did not prove that the defendant had more than one firearm in his possession. However, he is not charged with continuous possession of the same firearm. Rather, he is charged with the possession of "a firearm" on February 11, 1996, and "a firearm" on February 15, 1996. The defendant's convictions were predicated on his criminal course of conduct on two separate occasions. Thus, whether or not the defendant possessed the same firearm on both occasions is inconsequential since he had the intent to possess "a firearm" on two separate and distinct occasions and therefore had the intent to commit the offense twice. See State v. Buckley, 344 So.2d 980 (La.1977); State v. Thomason, 167 La. 404, 119 So. 407 (1928); State v. Morel, 146 La. 6, 83 So. 318 (1919). Thus, we find no merit in this assignment of error.

Assignment of Error No. 4.
In this assignment, the defendant asserts that the evidence of his prior conviction for aggravated battery unfairly taxed the jury's capacity to hold the state to its burden of proof on the current charges. We find this assignment to be without merit also.
*1126 Thomas Michael Lorentz, the defendant's probation officer, testified concerning the defendant's prior conviction, and the state introduced documentary evidence to establish the conviction. The trial court instructed the jury, both at the time of the introduction of the evidence and in its closing instructions, that the evidence was introduced for the limited purpose of showing the prior conviction. This evidence constituted a necessary element of proof in the state's case because it is a requisite element of the crime for which the defendant was charged. Although the defendant argues in brief that he would have stipulated to the prior conviction, he did not object to the introduction of the records of his conviction and the probation officer's testimony. Thus, the contemporaneous objection rule precludes him from raising these errors on appeal. See La.Code Crim.P. art. 841.
Finally, the defendant argues that the state's closing argument was improper, incorrect, and highly prejudicial. The language complained of consisted of the following:
We had Mr. Lorentz come and testify. We had those records introduced because I want y'all to have the whole story, not half truths, not what someone conjectures may be the truth, the whole truth. That's my duty to prove those elements. How I do it is my business. I have a duty to you and the State of Louisiana to present all of the evidence.
The defendant did not object to the state's comments at the time. Appellate review of this issue is precluded because of the failure to make a contemporaneous objection. See La.Code Crim.P. art. 841. Thus, we find that this assignment of error lacks merit.

DISPOSITION
We affirm the convictions and sentences of the defendant, Emile Hawkins, in all respects.
AFFIRMED.